## THE STATE OF NEVADA, APPELLANT, *v.* THE EBER-HART COMPANY, RESPONDENT.

APPEAL —— TRANSCRIPT CONTAINING NOTHING TO BE REVIEWED. Where, on appeal from a judgment and order overruling a motion for a new trial, the transcript contained neither judgment, order, settled or agreed statement, nor bill of exceptions : *Held,* that there was nothing before the Appellate Court which could be reviewed.

PRACTICE.—DISMISSAL OF APPEAL. Where there is a failure to bring up in the record anything to be reviewed, the appeal will be dismissed.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

This was an action brought in the name of the State by the district attorney of Lander County, against the Eberhart Company, F. Drake, E. Applegarth, — Sprowl, — Barris, J. W. Crawford, and the Eberhart mine and ledge, to recover one thousand eight hundred and forty-five dollars and fifty-eight cents, a balance of taxes on the proceeds of the Eberhart mine for the last quarter of 1868. The entire tax for the quarter was seven thousand one hundred and thirty-six dollars and twenty-four cents, of which five thousand two hundred and ninety dollars and sixty-six cents had been paid. The defendants set up in their answer certain proceedings of the board of county commissioners, acting under the Act of April 2d, 1867, (Stats. 1867, 164) and releasing the amount of taxes claimed. The court below decided in favor of defendant, and overruled a motion for new trial.

The transcript contained what purported by its caption to be " A statement on motion for new trial to be used also on appeal," embracing complaint, answer, exhibits, findings, motion for new trial and grounds of motion ; but no certificate of agreement by attorneys, or settlement by the Judge. The only other matters contained in the transcript were a notice of appeal, and certificate of clerk that the record was a correct and true copy of the original matter thereof remaining in his office, at Austin.

*Robert M. Clarke,* Attorney General, for Appellant, attacked the constitutionality of the Act of April 2d, 1867, on the ground

that it did not provide a uniform and equal rate of assessment and taxation, (citing 3 Nev. 173 ; 4 Nev. 178 ; 34 Cal. 434 ; 9 Wis. 414 ; 11 Wis. 34) and on the ground that it was a special law for the assessment and collection of taxes for county purposes, (citing 5 Nev. 121 ; 10 Wis. 180 ; 5 Ind. 4 ; Smith's Com., Sec. 802 ; 20 Cal. 534 ; 2 Minn..295 ; 2 Kent's Com. 331 ; Blackwell on Tax Titles, 6).

*Aldrich & Wren*, for Respondent, maintained the constitutionality of the Act of 1867, and called attention to the fact that the transcript did not contain the judgment.

By the Court, LEWIS, C. J. :

This appeal purports to be from a judgment, and also from an order .overruling a motion for new trial, neither of which, however, appears in the record ; nor does the transcript contain any settled or agreed statement either on motion for new trial or on appeal, nor any bill of exceptions ; hence there is nothing before us which can be reviewed.

This failure to bring up the case as the Practice Act plainly requires, deprives the county of a hearing on the merits, and makes it incumbent on this Court to dismiss the appeal.

It is so ordered.