[No. 2508]

## MEXICAN DAM AND DITCH COMPANY (A CORPORATION), RESPONDENT, *v.* JOSEPH SCHULTZ, ANTONE SCHULTZ, AND J. R. SCHULTZ (DOING BUSINESS UNDER THE FIRM NAME OF SCHULTZ BROTHERS), APPELLANTS.

.[201 Pac. 548]

1. APPEAL AND ERROR—IN ABSENCE OF STATEMENT OR BILL OF EXCEPTIONS. ORDER DENYING MOTION FOR NEW TRIAL MUST BE AFFIRMED.

Though application for new trial, unless made under Rev. Laws, 5320, subds. 1, 2, 3, or 4, supported by affidavit as required by section 5321, must be made on the minutes without statement or bill of exceptions, and the court in such case may refer to the pleadings, evidence, etc., and under Civ. Prac. Act, sec. 414, on appeal from an order denying the application, appellant need only furnish the court with certified copies of the notice of appeal, the order appealed from, the papers used on the hearing in the court below, and a statement, if any, where the transcript contains no settled or agreed statement or bill of exceptions, there is nothing to be reviewed, in the absence of a judgment roll, whether or not Stats. 1915, c. 143, 3 Rev. Laws, p. 3342, requiring inclusion in the transcript of a bill of exceptions including errors based on grounds urged for new trial, an amendment to which (Stats. 1919, c. 40) requires that assignments of error be based on bills of exceptions, is mandatory or violative of Const. art. 4, sec. 17, as embracing more than one subject.

APPEAL from First Judicial District Court, Ormsby County; *Mark R. Averill,* Judge.

Action by Mexican Dam and Ditch Company against Joseph Schultz and others, doing business under the name of Schultz Brothers. Judgment for plaintiff. From an order denying a new trial, defendants appeal. **Affirmed. Petition for rehearing denied.**

*H. V. Morehouse* and *Wm. McKnight,* for Appellant:

The motion to dismiss the appeal should be denied. The record is perfect. If the assignments of error are not sufficiently specific, this court will not dismiss the appeal, but will simply require that they be made so, the law as to the time, filing and service of assignment

of errors having been complied with. "An appeal shall not be dismissed for an irregularity not affecting the jurisdiction of the court to hear and determine the appeal, or affecting the substantial rights of the parties." Rev. Laws, 5358.

Under the express provision of the statute (Practice Act, sec. 414), as the papers used on the hearing in the court below constitute the record upon which the motion for new trial was heard and determined, no bill of exceptions is necessary, because there can be here reviewed just what the lower court acted upon; and the legislature, in not repealing section 414 of the Practice Act, intended to leave the law as it had been interpreted before the passage of the statute of 1915, and intended to bring upon the record by a bill of exceptions only that which was not already of record.

*W. M. Kearney* and *W. E. Baldy,* for Respondent:

Defendants failed to file a memorandum of exceptions or errors within the statutory time, or at all. Rev. Laws, 5322. Hence no errors whatsoever can be relied upon. Rev. Laws, 5331. In the preparation of the record on appeal neither the court nor counsel for plaintiff were consulted for the purpose of settling any bill of exceptions or record on appeal, as required by statute. Act of 1915, 3 Rev. Laws, p. 3342. "The time for serving and filing an assignment of errors does not run from the date of certification of the record on appeal, but from the date of the appeal. Assignment of errors is founded upon the bill of exceptions. * * * Assignment of errors is made an essential part of our practice on appeal." Coffin v. Coffin, 40 Nev. 345, 163 Pac. 731; Gardner v. Pacific Power Co., 40 Nev. 343; Werner v. Babcock, 116 Pac. 357; Howard v. Richards, 2 Nev. 133; Corbett v. Job, 5 Nev. 205; Imperial M. Co. v. Barstow, 5 Nev. 253; Bowker v. Goodwin, 7 Nev. 137; Alderson v. Gilmore, 13 Nev. 85; Boyd v. Anderson, 18 Nev. 349;

Jones v. Adams, 19 Nev. 80. "Where the method of appeal is prescribed by statute, it must be followed, and the assumption that a ceremony is useless will not justify a departure therefrom." Gill v. G. C. M. Co., 176 Pac. 784. "Papers not made a part of the statement on motion for new trial, nor otherwise identified as provided by statute, cannot be considered upon the appeal." Beck v. Thompson, 22 Nev. 109; Rosenthal v. Rosenthal, 39 Nev. 74; State v. Preston, 30 Nev. 307; Utah-Idaho Sugar Co. v. Lewis, 187 Pac. 590; Rogness v. Northern Pac. Ry. Co., 196 Pac. 989; Mills v. Brady, 196 Pac. 776.

By the Court, SANDERS, C. J.:

This is an appeal from an order denying to the defendants, Schultz Bros., a new trial in an action brought against them by the Mexican Dam and Ditch Company in the district court of Ormsby County.

As the case comes to us upon the motions of the ditch company to dismiss the appeal and to strike from the files appellants' assignments of errors, it would serve no useful purpose to make a statement of the several issues raised by the voluminous pleadings.

The motions to dismiss the appeal and to strike the purported assignments of errors are that the transcript on appeal contains no bill of exceptions, including errors based upon any ground urged for a new trial, as required by the Civil Practice Act, as amended by the statute of 1915 (Stats. 1915, p. 164, 3 Rev. Laws, p. 3342), that the purported assignments of errors are not based upon any bills of exceptions, and that said assignments are not in conformity with the requirements of said act as amended with respect to assignments of error. Stats. 1919, p. 55.

The answer of appellants to the motion to dismiss is: First, that the statute of 1915 is merely an optional method of appeal from an order denying a motion for a new trial, which may or may not be followed in bringing up the record on appeal from such order; second,

that the statute of 1915, with respect to appeals from orders granting or overruling motions for new trial, is useless legislation, and violative of section 17, article 4, of the constitution, which provides that each law enacted by the legislature shall embrace but one subject; third, that on an appeal from an order all that is required of the appellant is to furnish this court with copies of the notice of appeal, the order appealed from, and the papers used on the hearing of the order in the court below, certified by the clerk to be correct.

Since counsel for appellants, by their first and second positions, concede and admit that the appellants have ignored and made no effort whatever to comply with the requirements of the act of 1915, with respect to the preparation, service and filing of bills of exception after entry of the order, it is unnecessary for us to consider and discuss whether or not the requirements of the act of 1915 concerning bills of exception is mandatory or directory, or whether or not it is violative of section 17, article 4, of the constitution.

Passing, then, to a consideration of the third position, without a further statement of it, it is conceded that the application for a new trial was made upon the insufficiency of the evidence to justify the decision, that it is against law, and for errors in law occurring at the trial and excepted to by the defendants. Rev. Laws, 5320.

There is appended to the transcript on appeal the certificate of the clerk, which recites that the transcript, from page 1 to 750, is and contains full, true, and correct copies of the pleadings, orders, documentary evidence, and a copy of the stenographic report of the testimony and the record of the proceedings on the trial — all declared by the certificate of the clerk to have been presented to, used and referred to by the trial judge in passing upon the motion.

It is provided in section 5321 of the Revised Laws that when the aplication for a new trial is made upon subdivisions 1, 2, 3, or 4 of section 5320 it must be supported by affidavit. In all other cases it must be made

upon the minutes of the court without statement or bill of exceptions. The trial court is expressly privileged by the provisions contained in section 5321, in passing upon an application made upon the minutes of the court, to refer to the pleadings and orders of the court; and, also, reference may be had to the depositions, documentary evidence, stenographic notes or report of the testimony and the records of the court.

Section 414 of the Civil Practice Act provides (Rev. Laws, 5356), among other things, that on an appeal from an order the appellant shall furnish the court with a copy of the notice of appeal, the order appealed from, and a copy of the papers used on the hearing in the court below, and a statement if there be one, such copies to be certified by the clerk of the court to be correct.

It is the contention of counsel for appellants that no statement or bill of exceptions is now required in order that the lower court may decide a motion for a new trial, and that the appellants having furnished this court with copies of the papers used on the hearing of the motion, certified by the clerk to be correct, the appeal from the order must be considered upon its merits, and cannot be dismissed. If we clearly interpret the position of counsel, it is their contention that when the papers used on the motion are certified, as directed by section 414, and the trial court is privileged to refer to the pleadings, records, documentary evidence and stenographic report of the testimony, these papers can be used in the supreme court upon the certification of the clerk, without being embodied in a statement on appeal or bill of exceptions. Prior to the supplementary and amendatory act of 1915, and subsequent to the adoption of the practice act approved March 17, 1911, the court, in the case of Ward v. Pittsburg Silver Peak G. M. Co., 39 Nev. 80, 148 Pac. 345, 153 Pac. 434, 154 Pac. 74, ruled adversely to the contention of appellants, and expressly held that upon an appeal from an order denying a motion for a new trial, when the transcript

on appeal contains no statement and no bill of exceptions, there is nothing before this court for review. This conclusion is but a reaffirmance of the rule stated in the case of State v. Eberhart Co., 6 Nev. 186, which declares that where the transcript contains no settled or agreed statement, either on motion for new trial or on appeal, nor any bill of exceptions, there is nothing which can be reviewed. This rule is based upon the repeated holdings of this court that, in the absence of a statement on appeal or bill of exceptions, the court is confined to a consideration of the judgment roll alone. As the appeal in this case is taken from the order, there is no judgment roll to be considered.

In the case of Smith v. Wells Estate Co., 29 Nev. 414, 91 Pac. 315, it is pointed out that the practice act distinguishes between the methods of certification of statements and of transcripts on appeal.

Without going into the question of whether or not the copies of the papers purporting to have been used on the hearing of the motion are properly authenticated, so as to entitle them to be considered as a part of the record on appeal, we are of the opinion that from the beginning of our judicial history the rule of practice has been as above stated in State v. Eberhart Co., supra, and in Irwin v. Samson, 10 Nev. 282.

The failure of appellants to bring up the errors based upon any ground for new trial by a statement or bill of exceptions has deprived them of the right to have their case considered upon its merits. This is to be regretted. As has been frequently stated, it is always a source of regret to a court to decide a point of practice so as to affect substantial rights, but when the point is made the only thing for the court to do is to adhere to the law.

The order denying to the defendants a new trial is affirmed.