[No. 2507]

## DORA DEAN RICKEY, FRANCES VIVIAN RICKEY, CELIA EVALINA RICKEY, MILDRED GENEVIEVE THOMAS, AND DORA DEAN RICKEY, AS GUARDIAN AD LITEM OF VERONA ANGELICA RICKEY, A MINOR, RESPONDENTS, v. DOUGLAS MILLING AND POWER COMPANY (A CORPORATION), APPELLANT.

[204 Pac. 504; 205 Pac. 328]

1. APPEAL AND ERROR—JUDGMENT ROLL AND TRANSCRIPT OF TRIAL PROCEEDINGS NOT SUFFICIENT STATEMENT UNLESS SETTLED UNDER OLD PRACTICE.

   A purported statement on appeal, consisting of two volumes, one containing the judgment roll and other papers, which was certified by the clerk, and the other containing the proceedings at the trial certified by the reporter, cannot be considered a statement on appeal, since neither has been settled nor agreed upon as required by the old practice concerning statements on appeal.

2. EXCEPTIONS, BILL OF—MUST BE SETTLED BY JUDGE OR BY STIPULATION.

   A volume containing a transcript of the proceedings had at the trial, certified by the reporter, cannot be considered as a bill of exceptions where it was not settled or allowed by the judge or the court, or by stipulation of the parties as required by law.

3. EXCEPTIONS, BILL OF—PURPORTED BILL NOT CONTAINING EVI-
DENCE, AND NOT CERTIFIED, HELD INSUFFICIENT.

Documents designated bills of exceptions, signed and veri-
fied by the attorneys for appellant, and purporting to contain
objections and exceptions at the trial, but not containing the
evidence, and not settled or approved by the trial judge or
court, or by stipulation of the parties, did not form a bill
of exceptions.

4. APPEAL AND ERROR—DENIAL OF NEW TRIAL NOT REVIEWABLE
WITHOUT BILL OF EXCEPTIONS.

Where there is no bill of exceptions in the record, an order
denying a motion for new trial cannot be reviewed on the
merits, and an appeal from such order will be dismissed.

## ON PETITION FOR REHEARING

1. APPEAL AND ERROR—DISMISSAL FOR WANT OF PROPER CERTIFICATE
TO BILL OF EXCEPTIONS IS NOT TECHNICAL.

The dismissal of an appeal and affirmance of the judg-
ment below because the bill of exceptions was not authenti-
cated by a certificate of the trial court or judge or by a stipu-
lation of the parties, as required by act of March 16, 1915
(Stats. 1915, c. 142), sec. 5, is not based upon a technicality,
but was due to failure to comply with mandatory provision
of law.

2. APPEAL AND ERROR—GENERAL ALLEGATIONS IN PETITION FOR
REHEARING THAT DECISION VIOLATED CONSTITUTIONAL PROVI-
SIONS CAN BE DISREGARDED.

General allegations in the petition for rehearing that the
decision of the supreme court deprives appellant of its prop-
erty, without due process at law, that it is contrary to the
law of the land and to the United States Constitution, without
pointing out wherein the decision would have the effect
alleged, can be ignored on account of their generality.

3. APPEAL AND ERROR—BRIEF 'CANNOT BE FILED ON PETITION FOR
REHEARING.

Under supreme court rule 15 no brief can be filed in sup-
port of a petition for rehearing, nor is any argument, except
such as may be contained in the petition and reply thereto,
permissible.

4. APPEAL AND ERROR—REHEARING CANNOT BE GRANTED ON CON-
TENTION NOT URGED IN ORIGINAL HEARING.

A point which was not urged at the original hearing in
the supreme court either in the brief or in the oral argument
does not entitle the appellant to a rehearing.

5. APPEAL AND ERROR — LEGISLATURE CAN REGULATE MODE OF
EXERCISING CONSTITUTIONAL RIGHT OF APPEAL.

The constitutional right of appeal, based upon the provi-
sion conferring appellate jurisdiction on the supreme court,
may be regulated by the legislature as to the time and man-
ner of taking an appeal, so long as the regulations do not
unreasonably restrict the right.

6. Exceptions, Bill of—Act Regulating Allowance of Bill of Exceptions Does Not Unreasonably Restrict Right of Appeal.

The statute requiring a bill of exceptions to be allowed by the court in which the action was tried, or by the judge, or by agreement of the parties, is not an unreasonable restriction of the right of appeal, but is a salutary requirement, calculated to acquaint the appellate court with the true status of the controverted questions.

Appeal from First Judicial District Court, Douglas County; *Frank P. Langan,* Judge.

Action by Dora Dean Rickey and others against the Douglas Milling and Power Company. Judgment for the plaintiffs, and defendant appeals from the judgment, and from an order denying its motion for new trial. **Appeal from the order denying the motion for new trial dismissed, and judgment affirmed. Petition for rehearing denied.**

*Geo. A. Montrose* and *A. Grant Miller,* for Appellant:

All papers and documents in the case are before the court. They are contained in two volumes. One consists of the judgment roll, bills of exception filed in the court below, and decision on motion for a new trial; the other contains the duly certified transcript of the official reporter. There is also on file the assignment of errors. All things necessary have been done in the perfection of the appeal.

The fundamental principles of justice require that every citizen be heard in the courts of law upon the merits of his controversy. All statutes regulating procedure should be interpreted from that view-point. State v. Haight, 91 N. W. 93; State v. Stimpson, 62 Atl. 14; Holden v. Hardy, 169 U. S. 366; Twining v. New Jersey, 211 U. S. 78.

The people have never delegated to either the state or the federal government the power to deprive a person of his property without due process of law. Paulsen v. Portland, 19 Pac. 450; State v. Haight, supra; Ulman v. Baltimore, 28 Atl. 141. Not everything that passes under the form of statutory enactment can be considered

the law of the land.    Martin v. Dick, 24 Am. Rep. 661.
A state cannot make everything due process of law
which by its own legislation it declares to be such.
Burdect v. People, 36 N. W. 948.

The act of 1915 (Stats. 1915, p. 164) did not in terms
repeal the method formerly in practice of taking an
appeal.    In determining the intent of the legislature no
implication should be drawn that is contrary to ·the
principles of fundamental justice.

"We find, however, a transcript of the whole testimony
and all of the proceedings at the trial, with the excep-
tions taken at the trial, duly certified by the trial judge.
This constitutes a sufficient bill of exceptions to bring
the testimony before this court."    Stark v. Commission,
204 Pac. 151.

*Platt & Sanford,* for Respondents :

The bill of exceptions and the statement on appeal,
not being in accordance with the statute, should be
stricken from the files and the appeal dismissed.    Stats.
1915, p. 164.    "The act specifies with much particu-
larity how and when exceptions may be taken, how they
may become a part of the record, how to be prepared
and served, and what may be included therein to be
reviewable on appeal from the judgment or order deny-
ing the motion for a new trial.    *   *   *   This court
has repeatedly held that, where the method of appeal is
prescribed by the statute, it must be followed."    Gill v.
Goldfield Con. M. Co., 176 Pac. 784.

The memorandum of errors filed in the lower court
before the submission of the motion for new trial may
not serve the function of a bill of exceptions.    Ward v.
Silver Peak, 39 Nev. 89.

."The failure of appellants to bring up the errors based
upon any ground for new trial by a statement or bill
of exceptions has deprived them of the right to have
their case considered upon its merits."    Mexican D. & D.
Co. v. Schultz, 201 Pac. 548.

By the Court, DUCKER, J.:

This is an appeal from a judgment and from an order denying a motion for a new trial. Respondents moved to dismiss the appeal from the order, upon the grounds set out in their notice of motion. Briefly stated, these grounds are as follows: That there is on file in this cause no statement on appeal or bill of exceptions properly settled, allowed, approved, or certified to be correct by the judge of the court in which the action was tried or by the court, as required by law. Respondents also moved to strike the purported statement on appeal and bill of exceptions, on the same grounds.

1. What appellant contends is a sufficient record in this case upon which its appeal from the judgment and order denying its motion for a new trial can be maintained consists of two volumes, labeled, respectively, "Statement on Appeal." Volume 1 is certified by the clerk of the court in which the action was tried, and contains the judgment roll and other papers. Volume 2 is a transcript of the proceedings had and of the testimony given at the trial, certified by the reporter pro tempore of the court to be a full, true, and correct statement of the testimony given and proceedings had in said court upon the trial of the action. The designation of volumes 1 and 2 as statement on appeal is a misnomer, for neither has been settled nor agreed upon as required by the old practice concerning statements on appeal.

2. Volume 2 cannot be considered as a bill of exceptions, because it has not been settled and allowed by the judge or court, or by stipulation of the parties, as required by law.

3. In addition to the judgment roll, and other papers which have no bearing upon the motion before us, volume 1 contains three documents, denominated, respectively, "Bill of Exceptions" and "Supplemental Bill of Exceptions." These are signed by the attorneys for the appellant, and purport to contain objections made by counsel for appellant, rulings of the court thereon,

and the exceptions taken to such rulings. They are sworn to by one of the attorneys for appellant. None of these so-called bills of exceptions purports to contain the evidence adduced at the trial, nor has any of them been settled or approved by the trial judge or the court or by stipulation of the parties.

4. As there is no bill of exceptions in the record on appeal, this case is controlled by the decision in Mexican Dam and Ditch Co. v. Schultz, 45 Nev. 260, 201 Pac. 548. We there held, on an appeal from an order denying a motion for a new trial, that the failure of appellants to bring up the errors based upon any grounds for a new trial by a statement or bill of exceptions deprived them of the right to have their case considered upon the merits.

On the authority of this holding, therefore, the motion to dismiss the appeal from the order denying the motion for a new trial is granted.

As to the appeal from the judgment, we perceive no error in the judgment roll, and the judgment is affirmed.

ON PETITION FOR REHEARING

By the Court, DUCKER, J.:

1. Appellant has filed a petition for rehearing. In the petition it has seen fit to lay stress on the contention that the decision of this court dismissing the appeal and affirming the judgment is based upon a technicality. No assertion could be more contrary to the fact. Appellant's loss of a hearing on the merits was not due to the application of any technical rule of procedure, but to the failure of its counsel to comply with a plain, mandatory provision of law, whereby the errors claimed to have been committed by the court below could be reviewed by this court.

By force of statute a bill of exceptions is the only means whereby error not appearing upon the face of the judgment roll can be reviewed by the appellate court. A bill of exceptions becomes such only when it is settled and allowed by the judge, or court, or by

stipulation of the parties. Under the old practice, as we pointed out in the original opinion, the statutory rule for authenticating a statement on appeal was the same. None of the papers appearing in the transcript on appeal in this case, and claimed to be bills of exceptions, was settled or allowed by the trial judge, or court, or by stipulation of the parties. This appears from the record itself, and from the admission of counsel, who claims that no such settlement and allowance is necessary. The claim is groundless, and to allow it would be subversive of our legal system of bringing errors to this court on appeal.

By an act of the legislature approved March 16, 1915 (Stats. 1915, c. 142), a bill of exceptions may be prepared as to any decision, ruling, or order made during three different stages of an action or special proceeding. Section 1, as amended by the legislature of 1919 (Stats. 1919, c. 237), provides for a bill of exceptions as to errors claimed to have been committed after the filing of the complaint and before trial. Section 2 provides for a bill of exceptions as to errors alleged to have been made from the time the action or special proceeding is called for trial, to and including the entering of final judgment. Section 6 provides for bills of exceptions after final judgment. In each case the statute requires that the bill of exceptions shall be settled and allowed by the judge, or court, or by stipulation of the parties. The act of 1915 permits any party at his option to submit the transcription of the proceedings to the court for allowance and settlement as a bill of exceptions. In this regard section 5 of the act provides:

"Sec. 5. In all cases where an official reporter is appointed by the court, under authority of law, or by agreement of the parties, a transcription of the shorthand report of the proceedings in any action or special proceeding, when certified by said reporter to be a full, true and correct transcription of such proceedings, may, at the option of any party, be submitted to the court for allowance and settlement, as the bill of exceptions

required under the provisions of this act, and the court or judge shall thereupon attach the certificate as herein provided, whereupon such bill of exceptions shall be and become a part of the record."

The certificate required is mentioned in section 1 of the act—"a certificate to the effect that such bill of exceptions is correct and has been settled and allowed."

Counsel for appellant did not comply with these provisions of the statute. In volume 2 they simply present a transcription of the proceedings and testimony certified to by the reporter, and maintain that that is sufficient. That it is not sufficient is shown by the provision of the statute to which we have referred.

2-5. It is set forth in general terms in the petition for rehearing that the decision of this court deprives appellant of its property without due process of law; that it is contrary to the law of the land, and contrary to the provisions of the United States Constitution. These are mere allegations, and we should be justified in ignoring them on account of their generality. It is not pointed out in the petition wherein the decision of this court would have the effect alleged. True, counsel for appellant request the privilege of filing a brief upon the allegations made, but this request must be denied for the reason that such practice is prohibited by rule 15 of this court. No argument except such as may be contained in the petition and reply thereto is permissible on a petition for rehearing. We feel justified in assuming, however, that appellant intended to assert that the decision of the court had the effect alleged, in that it deprived appellant of the right of appeal guaranteed by the constitution. This point must have been overlooked on the original hearing, for it was not urged, either in counsels' brief or in the oral argument, and for this reason a rehearing could not be granted, even though there was merit in the contention. Beck v. Thompson, 22 Nev. 419, 41 Pac. 1; Brandon v. West, 29 Nev. 135, 85 Pac. 449, 88 Pac. 140; Nelson v. Smith, 42

Nev. 312, 176 Pac. 261, 178 Pac. 625; In Re Forney's Estate, 43 Nev. 242, 184 Pac. 206, 186 Pac. 678. The point is without any merit, however, and we will briefly indicate our views upon it. The question is strictly analogous to the one determined by this court in Coffin v. Coffin, 40 Nev. 345. A motion to dismiss the appeal in that case was granted for failure to serve and file an assignment of errors as required by section 13 of said act of 1915. Upon the point made by appellant, that to sustain the motion would be to deprive him of his constitutional right of appeal, this court said:

"It is true that the constitution gives the right of appeal, and the legislature, under the pretense of prescribing forms, cannot deprive parties of substantial rights.  *  *  *  But it is equally true that the constitutional right of appeal is to be enjoyed and exercised subject to the regulations of law and practices of the court."

6. Our constitution merely confers appellate jurisdiction upon the supreme court. It does not prescribe the mode by which an appeal to it may be taken. The legislature, therefore, has full power to prescribe such regulations as to the time and manner of taking an appeal as may not unreasonably restrict the right. It cannot be said that a legislative enactment requiring a bill of exceptions to be settled and allowed by the court in which the action was tried, or the judge, or by agreement of the parties, is an unreasonable restriction of the right of appeal. On the other hand, it must be conceded to be a wise and salutary requirement, fully calculated to acquaint the appellate court with the true status of the controverted questions as they arose in the court below.

The petition for rehearing is denied.