No. 2578

# DOUGLAS MILLING AND POWER COMPANY *v.* RICKEY

August 6, 1923.                    217 Pac. 590.

1. JUDGMENT—ERROR IN TRIAL JUDGE'S RULINGS ON EVIDENCE NOT GROUND FOR ENJOINING COLLECTION OF JUDGMENT.

Where, in passing on competency of evidence, the court did not transcend its jurisdiction, error in the ruling is not ground for enjoining collection of the judgment.

2. APPEAL AND ERROR—REFUSING TO CALL OUTSIDE JUDGE HELD WITHOUT PREJUDICE.

Where complaint in suit to enjoin collection of a judgment did not state any ground for relief, any error in the trial court's refusal to call in an outside judge to preside at hearing of demurrer was without prejudice.

APPEAL from First Judicial District Court, Douglas County; *Frank P. Langan,* Judge.

Suit by the Douglas Milling and Power Company against Dora Dean Rickey and others. Judgment for defendants, and plaintiff appeals. **Affirmed. Petition for rehearing denied.**

*Geo. A. Montrose* and *A. Grant Miller,* for Appellant:

A void judgment is open to either direct or collateral attack. It need not first be set aside; whenever it is brought up against party, it may be impeached in any action, anywhere, at any time. Black, Judgments, secs. 170, 218, 278, 895; Jefferson v. Gallagher, 150 Pac. 1071; Rev. Laws, 5137.

Proceedings to reverse, vacate, set aside, declare void, sustain, modify, or perpetually enjoin a judgment are direct, and not collateral, proceedings. Black, sec. 252; Ford v. Glendenin, 109 N. E. 124.

Though there is no specific statute on the point, the practice throughout entire state is to call in another judge when fair showing is made therefor. The affidavits submitted made such showing, and were not contradicted.

*Platt & Sanford,* for Respondents:

Decisions of appellate court are conclusive as to facts and law (1 Freeman on Judgments, 440), and cannot be

set aside for mistake or inadvertence of attorneys or parties. Daly v. Pennie, 25 Pac. 67. Equity will not enjoin judgment on account of errors during trial or errors of law (Hilliard on Injunctions, 155–156; Sherman v. Clark, 4 Nev. 138), or where rights are lost through mistake or incapacity of attorneys or action of parties. Royce v. Hampton, 16 Nev. 30; 2 Story, Eq. Jur. 897; Pomeroy, Eq. Jur. 2060. Equity has no power to relieve against judgment affirmed solely on ground that no assignment of errors is filed. Miller v. Bernecker, 46 Mo. 194.

Fraud is not alleged against any one in securing verdict. Equity will not relieve against fraud except where it is extrinsic or collateral. U. S. v. Throckmorton, 98 U. S. 61; Pico v. Cohn, 25 Pac. 970, 27 Pac. 537.

The affidavit in support of motion for calling in another judge did not contain any statutory ground therefor.

This court has already affirmed judgment and held that it is supported by pleadings. It was an action for damages for negligence, and damages were awarded. Nothing else was adjudicated.

By the Court, COLEMAN, J.:

About three years ago the respondents brought a suit in the district court of Douglas County against the appellant to recover damages for alleged negligence resulting in the death of one Charles F. Rickey. The complaint in that action set forth in detail the alleged acts of negligence on the part of the defendant in the action. Upon the filing of the complaint in that suit summons was issued, and, together with a copy of the complaint, was served upon the defendant. In due time the defendant appeared and filed its answer, denying the allegations of negligence, and affirmatively pleaded contributory negligence. A reply was filed, denying the allegations of contributory negligence. The complaint was attacked in no way. Upon the issues thus made the case came on for trial before a jury. A general verdict was returned, and special findings were made

in favor of the plaintiffs in the action. A motion for a new trial having been overruled, judgment was entered upon the verdict. The defendant took an appeal from the order denying the motion for a new trial and the judgment. In due time the respondent in that case, being the plaintiff in the trial court, made a motion to dismiss the appeal from the order denying the motion for a new trial, for the reason that the evidence in the case had not been brought into the record by a duly settled bill of exceptions. The matter was submitted to this court upon briefs and oral argument; thereafter the motion to dismiss was sustained, and, no error appearing upon the judgment roll, the judgment appealed from was affirmed. Rickey v. Douglas M. & P. Co., 45 Nev. 341, 204 Pac. 504.

The present suit is one in equity to enjoin the plaintiffs in the original action from collecting the judgment in their favor. Upon the filing of the complaint in this suit a temporary injunction issued upon the ex parte application of the plaintiff. The defendants appeared and filed a general demurrer to the complaint and also made a motion to dissolve the injunction, upon the ground, among others, that the complaint alleges no facts entitling the plaintiff to injunctive relief. Upon the hearing of such demurrer and motion the court vacated the order theretofore issued and sustained the demurrer. Thereafter judgment was entered in favor of the defendants. The case is now before us on an appeal taken from such judgment.

While there are numerous errors assigned, they may be disposed of under two classifications: (1) That the judgment in the original action was in excess of the jurisdiction of the court, hence null and void. (2) That the trial court erred in refusing to call in an outside judge to preside at the hearing of the demurrer and motion.

Counsel for appellant have filed an opening brief of thirty-six pages, wherein they have called our attention to over sixty authorities which they claim are in point. The complaint in the case is voluminous, but it consists

chiefly of the pleadings, affidavits, and documentary and oral evidence introduced in the original case. While counsel for appellant in the oral argument made some allusion to fraud, there is not in the complaint or the. brief a suggestion of fraud. The allegations of the complaint in the instant proceeding are directed solely to the rulings of the court in the rejection and reception of evidence during the trial of the damage suit. One of the allegations of the complaint goes to the ruling of the court in admitting in evidence a franchise from the board of county commissioners of Douglas County to the defendant company, authorizing it to construct and maintain its power lines. It is the contention of counsel for the appellant that there is no allegation in the complaint alleging any franchise, or the violation of any franchise, and that the proof of such franchise did not tend to prove any issue in the case.

To sustain the contention of counsel our attention is directed to section 242, Black on Judgments (2d ed.) where it is said:

"Besides jurisdiction of the person of the defendant and of the general subject-matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. In other words, a judgment which passes upon matters entirely outside the issue raised in the record is so far invalid.  *  *  * "

Numerous authorities are cited in support of the rule thus stated. The rule invoked is elementary, and counsel might have found that it had been recognized in this jurisdiction. Estate of Foley, 24 Nev. 197, 51 Pac. 836, 52 Pac. 649. We do not believe this rule is questioned anywhere. The rule invoked being thus recognized, let us inquire wherein its application to the facts pleaded in the complaint would justify the contention that the trial court in the original action, by receiving the evidence in question, permitted the bringing into the case

for determination an issue not presented by the pleadings. What question was thus brought into the case, not involved in the issues as framed by the pleadings? Under the pleadings but two issues were presented, namely, the negligence of the defendant and the contributory negligence of the deceased.

1. The court was confined to the determination of these two issues, and competent evidence was admissible in proving or disproving both of them. In passing upon the competency of the evidence tendered, the court did not transcend the limits of its jurisdiction, and, if it erred, it erred only in the exercise of jurisdiction, and no advantage could be taken thereof except on appeal. Daly v. Lahontan M. Co., 39 Nev. 14–29, 151 Pac. 514, 158 Pac. 285–287. It was aptly said in Tallman v. McCarty, 11 Wis. 401:

"No order which a court is empowered under any circumstances, in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law, or in the previous state of the case. The only question in such a case is: Had the court or tribunal the power, under any circumstances, to make the order or perform the act? If this be answered in the affirmative, then its decision upon those circumstances becomes final and conclusive, until reversed by a direct proceeding for that purpose."

If any other doctrine than that which we have stated, which is as old as jurisprudence itself, were to control, there would be no finality to litigation. Every other point presented, attacking the jurisdiction of the court in the damage suit, goes to some ruling in the original action, and is controlled by the rule which we have stated; hence there is no necessity to state them seriatim and apply the principle enunciated. The query naturally suggests itself whether these proceedings would lie, even were there merit in the propositions urged upon our consideration, since the appellant had its remedy at law by appeal from the judgment from which it is now seeking relief. 15 R. C. L. 738, et seq.

2. It is suggested that the lower court erred in

refusing to call in an outside judge to hear the motion to dissolve the injunction and the demurrer. We think no showing was made warranting the calling in of an outside judge, but, if error was committed, it was without prejudice, as the motion to dissolve and the demurrer went only to the sufficiency of the complaint, and it clearly appears that it fails to state any ground for relief.

The judgment is affirmed.

DUCKER, C. J.: I concur.

SANDERS, J., concurring:

This is a suit to enjoin the respondents from availing themselves of the benefit of a judgment rendered in their favor in an action at law brought to recover damages for the death of their decedent, Charles F. Rickey, alleged to have been caused by the negligence of the Douglas Milling and Power Company, a Nevada corporation, in the erection, operation, and conduct of its electric-power lines in Douglas County. The corporation brought the case to this court on appeal from an order denying to it a new trial, and also from the judgment, based on the verdict and special findings of a jury, for the sum of $15,303. The appeal from said order was dismissed, on motion, because of the failure of the corporation to embody the errors based upon any ground for new trial by a statement or bill of exceptions, as required by the statute. Stats. 1915, p. 164. The appeal from the judgment was affirmed, because of no error appearing in the judgment roll. A petition for rehearing was denied in an extended opinion. Rickey v. Douglas M. and P. Co., 45 Nev. 341, 204 Pac. 504, 205 Pac. 328.

Thereafter the Douglas Milling and Power Company brought this action in the court where the judgment was rendered, setting out and exhibiting with its complaint, and as a part thereof, all the pleadings and exceptions taken by it in the course of the trial of the action at law. The complaint also embodies all the grievances of complainant against the decision of this court in

having deprived it of the right to have its case reviewed on the merits. The complaint is a direct attack upon the integrity of the trial court. It charges, in effect, that said court, without color of reason, ruled in favor of plaintiffs and against the defendant throughout the trial of the case at law, and deprived the defendant of a fair and impartial trial, and that because of its bias it is not fit to sit in judgment on the present case.

The first question to be disposed of is whether the judgment can be made the subject of review. It is the general rule that, when an appellate court has passed upon a record and upon a petition for rehearing, and the remittitur has gone down, its jurisdiction terminates, and the cause is beyond its reach. If, then, the supreme court is without power or authority to review its own judgment, a fortiori there can be no power or right to review or set aside such judgment in a collateral suit in equity in an inferior court. Armstrong v. Poole, 30 W. Va. 669, 5 S. E. 257. It would be an extraordinary law, indeed, and an unheard-of practice, fraught with incalculable mischief, to allow a judgment of a court of the last resort to be reviewed by the district court. Vansickle v. Haines, 8 Nev. 164. Whether the rule be founded on principle or practice, it is absolute and inflexible. Public policy, if not necessity, requires that it should be strictly enforced, even in cases of individual hardship. Campbell v. Campbell, 22 Grat. (Va.) 649. If such were not the rule, it becomes pertinent to inquire when would litigation cease.

I do not say that the supreme court is infallible, or that a case may not arise in which its judgment might be made the subject of review in a proper proceeding, as where the judgment of this court, in a case before it, was made upon a mistake of fact, or was procured by fraud, or where the judgment of the appellate court, affirming a judgment of the court a quo, is itself void, if the court a quo had no jurisdiction. But this case is by no means such a case. Here the judgment of affirmance by the supreme court is sought to be reviewed, upon the ground that the court improvidently erred,

whereby the right of appellant to have its case reviewed was lost. To sustain the complaint on this ground would be to rule that a court of equity can interfere to correct the errors of a court of the last resort. But it is, in substance, alleged in the complaint that appellant's right to have the judgment at law reviewed was lost by reason of the fault, neglect, oversight, ignorance or inefficiency of its attorneys. This was not a ground for relief in equity from a judgment at law. It is well settled that such relief will in no case be granted, where the loss of the remedy at law was due to the party's own negligence or to the negligence, mistakes, or unskilfulness of attorneys. 23 Cyc. 985–1016; 15 R. C. L., sec. 209, p. 756; 16 Am. & Eng. Ency. Law (2d ed.) 392.

The appellant makes the further contention that the judgment is invalid, because evidence was permitted to go to the jury upon an issue not made by the complaint, and therefore it is void. It appears that plaintiffs were allowed, over the objections and earnest protest of counsel for the defendant company, to introduce in evidence a franchise granted the Douglas Milling and Power Company in the year 1912 by the board of commissioners of Douglas County, pursuant to the statute of Nevada (section 2137, Revised Laws), to erect and maintain poles and wires along the public roads and highways and other public thoroughfares of Douglas County. The error, if it was error to admit the franchise in evidence, cannot be corrected in a court of equity. It is well settled that such courts are without power to enjoin the enforcement of a judgment at law because of erroneous rulings of the court in admitting or excluding particular evidence. 23 Cyc. 1004; 15 R. C. L., sec. 194, p. 739; 16 Am. & Eng. Ency. Law (2d ed.) 389. Certainly it can neither be fairly nor reasonably contended that by the admission of the franchise the judgment passed upon matters outside of the issue of negligence.

All the other allegations of the complaint for equitable relief against the enforcement of the judgment are

predicated upon rulings of the trial court in the selection of the jury, the admission and rejection of evidence, the denial of a motion for nonsuit, the giving of instructions requested by plaintiff, and the refusal to give certain of those offered by the defendant, and that the answers of the jury to the special interrogatories were false and inconsistent with the general verdict. The case made by the complaint comes within none of the recognized grounds upon which courts of equity are permitted to interfere with judgments at law and restrain their execution.

The demurrer to the complaint was properly sustained.

ON PETITION FOR REHEARING

August 29, 1923.

*Per Curiam:*
Rehearing denied.