No. 2602

# SCHULTZ *v.* MEXICAN DAM AND DITCH COMPANY

April 5, 1924.                    224 Pac. 804.

1. JUDGMENT—ADJUDGING MATTERS OUTSIDE ISSUES VOID.

A judgment adjudging matters outside the issues raised by the pleadings is so far void.

2. APPEAL AND ERROR—SUFFICIENCY OF ALLEGATIONS OF DAMAGE NOT CONSIDERED ON APPEAL FROM ORDER DISSOLVING INJUNCTION STAYING EXECUTION OF JUDGMENT.

On appeal from an order dissolving an injunction staying execution of a judgment, the court is not concerned with the form or sufficiency of allegations of damages in the original case, as they may have been appropriately tested therein.

3. PLEADING—ERROR IN ADMITTING PROOF OF SPECIAL DAMAGES WAIVED BY FAILURE TO OBJECT.

When proof of special damages not alleged is admitted without objection, defendant is deemed to have waived such objection.

4. EXECUTION—JUDGMENT PRESUMED REGULAR IN SUIT TO RESTRAIN EXECUTION.

Every presumption must be indulged in favor of the regularity of a judgment in a suit to restrain execution thereof.

5. EXECUTION — ERROR IN AWARDING SPECIAL DAMAGES NOT PLEADED CANNOT BE CORRECTED IN SUIT TO RESTRAIN EXECUTION.

Error in awarding special damages under general allegations of damage is error, within the court's jurisdiction, which can be corrected only on new trial or appeal, and not in a suit to restrain execution of the judgment.

6. DAMAGES—PLAINTIFF MAY RECOVER SPECIAL DAMAGES WITHOUT SPECIFIC DEMAND, WHERE COMPLAINT ALLEGES AND ANSWER DENIES GENERAL DAMAGES.

Under civil practice act, sec. 299 (Rev. Laws, 5241), plaintiff may recover special damages without special demand therefor, where the complaint contains allegations of general damages, which the answer denies.

7. EXECUTION—EXECUTION OF JUDGMENT ADJUDGING THAT DITCH AND BANKS WERE PLAINTIFF'S PROPERTY NOT RESTRAINED BECAUSE OF INCLUSION OF PART OF DEFENDANT'S LAND.

A judgment adjudging, in conformity with allegations of the complaint, that a ditch, its bed and banks, were plaintiff's property, *held* not subject to attack, in a suit to restrain execution, because it gave plaintiff fourteen feet of defendant's land as the necessary width of one bank to secure plaintiff in the reasonable enjoyment of its easement over defendant's land, though the complaint did not allege that plaintiff was the owner of any part thereof; the amount of land necessary for such purpose being for the court rendering the judgment, and any error in awarding more than was necessary being an error within jurisdiction, which cannot be inquired into in such a suit.

APPEAL from First Judicial District Court, Ormsby County; *Thomas F. Moran,* Judge.

Suit by Joseph Schultz, Antone Schultz, and J. R. Schultz (doing business under the firm name of Schultz Brothers) against Mexican Dam and Ditch Company. From an order dissolving a restraining order and temporary injunction, plaintiffs appeal. **Affirmed.** (SANDERS, J., dissenting.)

*Wm. McKnight,* for Appellants:

Jurisdiction is the right to adjudicate upon the subject-matter of a case. Black, Judgments (2d ed.), sec. 242; 7 R. C. L. 1029.

The three essentials to jurisdiction are that the court has cognizance of the class of litigation, proper parties, and that the points decided are within the issues. Black, supra; Charles v. White, 214 Mo. 187.

A judgment outside the issues is to that extent void. Rev. Laws, 5241; Black, supra; Marshall v. Golden Fleece M. Co., 16 Nev. 173.

The issues in a case can be determined only from the pleadings. Marshall v. Golden Fleece M. Co., supra; Reynolds v. Stockton, 140 U. S. 254.

A judgment is void which grants relief not laid in the complaint nor demanded in the prayer.

An easement exists on property of another; a man cannot have an easement on his own lands. An easement is distinct from occupation and does not confer title to land. 19 C. J. 863; Lachman v. Barnett, 18 Nev. 269.

The owner of a right of way for an irrigation ditch has no interest in the land over which the ditch crosses. Fitzell v. Leaky, 72 Cal. 482. He has no right of entry upon the land except to repair. Pico v. Colimas, 32 Cal. 578.

The "bank" does not include land outside the ditch itself. It does not extend beyond high-water mark of stream. Sun Dial Ranch v. May Land Co., 119 Pac. 758; Gould on Waters, 45.

The right of way is entirely distinct from ownership of land over which it passes. Uhl v. Ohio River R. Co., 51 W. Va. 106.

There was no allegation in the complaint of any special damages and no prayer for any damages. The damages allowed were all special damages naturally and proximately, but not necessarily, resulting from the injuries complained of. 8 R. C. L. 612; Buckley v. Buckley, 12 Nev. 425; 17 C. J. 1017. They should have been specially alleged and proved. 8 R. C. L. 612. Plaintiff can recover no more damages than are alleged and demanded. 15 Stand. Pr. 48; 17 C. J. 1021; Waldron v. Harvey, 54 W. Va. 608.

That a judgment rendered without jurisdiction is void may be shown by extrinsic evidence as well as by the record itself. Larimer v. Knoyle, 43 Kan. 344; Jefferson v. Gallagher, 150 Pac. 1071.

A judgment for relief beyond the issues may be collaterally attacked. J. B. Watkins Land-Mortgage Co. v. Mullen, 8 Kan. App. 705; Murray v. American Co., 70 Fed. 346.

However, the attack here is a direct one. Smith v. Morrill, 12 Colo. App. 233.

The doctrine of res adjudicata has no application, as the judgment herein was not a valid one. 23 Cyc. 1215. Nor is a void judgment a bar. 23 Cyc. 1044.

The items of damage allowed did not result from any injuries complained of. Material averments omitted from the pleadings cannot be supposed by evidence. Low v. Blackburn, 2 Nev. 73; 11 Pl. & Pr. 868, 872. A party must recover according to the complaint, or not at all. Marshall v. Golden Fleece, supra.

The judgment must be secundum allegata et probata. 11 Pl. & Pr. 872.

Want of jurisdiction to render a particular judgment is ground for relief by bill in equity. 15 Stand. Pr. 294.

Equity will enjoin or vacate a void judgment. 15 Stand. Pr. 293; Dalton v. Libby and Lamburth, 9 Nev. 192.

Failure to file bill of exceptions, resulting in dismissal of appeal, does not affect right to equitable relief. Oliver v. Pray, 4 Ohio, 175.

Affirmance of judgment on appeal does not affect right to impeach it by suit in equity. 15 Stand. Pr. 283; Pioneer Land Co. v. Maddux, 109 Cal. 633; Partridge v. Harrow, 27 Iowa, 96.

It is not necessary to appeal or take any steps against a void judgment. Its unworthiness may be shown whenever it is brought up. Black (2d ed.), sec. 170; Follansbee v. Scottish-Am. Mort. Co., 7 Ill. App. 486.

The injunction may be presented at any stage of the suit. Story, Eq. Jur., sec. 886.

An injunction should be granted to stay execution. Sec. 6, art 6, Constitution.

Having but one form of civil action, the court on sufficient showing will grant whatever relief is proper. The reasons for any distinction of conditions upon which relief may be granted have disappeared by the union of equitable and legal jurisdiction in one court. Magin v. Lamb, 43 Minn. 80.

Legal or equitable relief will be granted, according to the cause stated. 1 Pomeroy (3d ed.), sec. 358.

A bill in equity will lie against a void judgment that has been affirmed. High on Injunctions (4th ed.), secs. 228, 230.

*W. M. Kearney* and *W. E. Baldy,* for Respondent:

The only matter before this court is an appeal from an order arising from a motion for an injunction. The procedure is prescribed by Rev. Laws, 5356. There is an exception to the appealed order; but it is not a bill of exceptions in the sense that it embodies the proceedings had. There is nothing to show what proceedings, testimony, or records were used in support of or against the motion. There is no suggestion in the clerk's certificate that the papers were used or offered. Such papers must have been used in the court below and certified by the clerk or the attorneys, otherwise the appeal will be dismissed.

The presumption is sufficient that the lower court had ample evidence to support its order, in view of the fact that nothing contrary appears in the record, and this court may affirm the order without proceeding further. Thompson v. Bank, 19 Nev. 293.

Appellants have taken random citations from Cyc., C. J., and the digests without reading the cases cited at all.

An academic discussion of an easement is useless. We are concerned only with the ownership of the ditch so far as it is necessary for its operation and maintenance.

Whenever there is an adequate remedy at law, one who neglects it will not be permitted relief from a judgment by resorting to equity. Walker v. Robbins, 14 L. Ed. 552; Knox Co. v. Parchman, 133 U. S. 152.

Mistake in a judgment can be corrected only on motion for a new trial or on an appeal. Freeman on Judgments (4th ed.), 489.

Equity will set aside a judgment only for extrinsic or collateral fraud, not fraud in the matter on which the decree was rendered. U. S. v. Throckmorton, 25 L. Ed. 96; Pico v. Cohn, 25 Pac. 970; 27 Pac. 537.

There must be an end to litigation, and the correctness of rulings within the jurisdiction of the court are reviewable only by the appellate tribunal. LeMesnager v. Variel, 77 Pac. 988.

Damages were a matter within the jurisdiction of the court. Equity cannot restrain the judgment. Donovan v. Miller, 88 Pac. 82.

Awarding damages on a general allegation and general prayer cannot be anything more than an error or irregularity, which can be reviewed only on motion for new trial or on appeal, and positively not in equity.

If defendant makes no objections to proof of special damages, he is deemed to have waived them. Mellor v. Railroad Co., 14 S. W. 758; 16 S. W. 849.

Such objection after verdict comes too late. Cosgriff Bros. v. Miller, 68 Pac. 206.

It is a well-established rule that a judgment of a court of competent jurisdiction cannot be impeached for mere

errors or irregularities. Elliot v. Perisol, 7 L. Ed. 164; Marchand v. Frellsen, 105 U. S. 423; Hughes v. Goodale, 66 Pac. 702.

Wheeler v. O'Brien, 40 Nev. 414, defines the Nevada law to be that the supreme court will not reverse a judgment awarding special damages, even where no special damages are alleged but where proof of such special damages was admitted without specific objection during the trial. In other words, the error, if any, is waived.

A general allegation of damages will authorize proof of all damages necessarily resulting from or which may be legally implied from the act complained of. Hunt v. Railroad Co., 52 N. W. 668; Henderson v. Coleman, 115 Pac. 439, 1136.

How ridiculous it would be to have a hillside ditch without a lower bank to protect it. A ditch bank is the ridge of earth. It is synonymous with embankment— a ridge of earth of sufficient height and width; an earthwork raised for any purpose. 20 C. J. 403.

By the Court, DUCKER, C. J.:

This is a suit in equity instituted by the appellants to restrain the execution of a judgment obtained against them in the court below by the respondent, plaintiff in that action.

Inter alia, the complaint sets out in full the pleadings, the decision, the opinion, findings, conclusions of law, and the judgment complained of. It also sets out the facts that an appeal was taken from said judgment and an order denying a motion for a new trial to this court, which appeal was dismissed on motion, and a rehearing denied. 45 Nev. 260, 201 Pac. 548. A demurrer to the complaint was overruled, and a restraining order and temporary injunction staying execution of the judgment was dissolved by the order of the court. From the latter order this appeal is taken.

In the original case respondent had brought an action against appellants to enjoin them from in any manner interfering with a certain ditch known as the "Mexican

Ditch," the property of the respondent, in which water from the Carson River was being conducted, and for many years had been conducted, across the lands of appellants. The court, in its judgment, awarded the respondent damages against appellants in the sum of $1,238. As to the ownership of the Mexican ditch, it is stated:

"That the Mexican ditch, its bed and its banks, are the property of the plaintiff [respondent], to the exclusion of the defendants [appellants], in all respects connected with or appertaining to the use of said ditch for the carrying of water, and particularly its bed and its banks extending through the property of defendants, including a width of fourteen feet from the high-water mark of the right or easterly bank of said Mexican ditch, as the necessary bank of said ditch, are the property of the plaintiff, to the exclusion of the defendants, in all respects connected with or appertaining to the use of said ditch for the carrying of water; and said Mexican Dam and Ditch Company also has what further ownership in said banks and the vicinity of said ditch as is necessary for keeping the said ditch clean and in repair, and for maintaining the same with the least possible damage to or interference with the ownership of the land through which the said ditch runs."

1. It is claimed that in rendering judgment in these respects the court exceeded its jurisdiction, because the relief so awarded was outside of any issue raised in the pleadings. Hence it is urged that the lower court erred in not restraining the enforcement of the judgment. A judgment which adjudges matters outside the issue raised by the pleadings is so far void. As stated in Douglas Milling and Power Co. v. Rickey, 47 Nev. 148, 217 Pac. 590, this rule is elementary. It is not to be invoked in this case, however. The matters mentioned are within the issues made by the pleadings in the original case. In regard to the question of damages it was alleged that the appellants have within four years last past unlawfully and wrongfully entered upon and into the banks of said Mexican dam and ditch and

constructed along said bank, by cutting away a portion of said bank, a ditch approximately 1,160 feet in length, giving its beginning, course and ending; that said bank of said Mexican ditch has been unlawfully cut away by defendants to a depth of six feet in many places, thus weakening and injuring the banks thereof and rendering the same unsafe for the continued flowing of water in said ditch; defendant Joseph Schultz has by force of arms threatened to prevent plaintiff and its employees from maintaining and repairing said ditch; that by reason of said unlawful acts hereinabove complained of, plaintiff and its stockholders have been deprived of the use of water flowing in said ditch, and plaintiff has been injured and damaged by the cutting away and breaking of the banks of said ditch by defendants, and in installing and changing boxes, and by the acts as herein alleged, in the sum of $1,500. And again, defendants, and each of them, continue to interfere with and open the banks of said ditch and to wrongfully and unlawfully divert said waters from said ditch by means of and through said boxes so unlawfully installed and lowered and enlarged as herein alleged, all to the irreparable injury and damage of the plaintiff. No damages are asked for in the prayer of the complaint. In addition to the specific relief prayed for, the plaintiff prays for all such further relief to which it may be entitled by reason of the matters and things herein alleged. All allegations of damage are denied in the answer.

2, 3. In the case before us we are not concerned with the form or sufficiency of the allegations of damage, as the same may have been tested in an appropriate way in the original case. It is insisted that the damages alleged are general damages, while the damages found by the court are special damages, and therefore outside the issue. Whether the admission of proof of special damages, in the absence of an allegation thereof, could have been considered as error in the original case, would have depended upon whether or not the adverse party made timely objection. In Mellor v. Missouri Pac. Ry. Co. (Mo. Sup.), 14 S. W. 758, 105 Mo. 455, 16 S. W.

849, 10 L. R. A. 36, it was held that when proof of special damages is offered and admitted without objection, the defendant is deemed to have waived any objection he may have had to such proof.

In Cosgriff v. Miller, 10 Wyo. 190, 68 Pac. 206, 98 Am. St. Rep. 468, the court said:

"It is, no doubt, the general rule that, to be proven, special damages must be alleged; but, when evidence showing such damages has been admitted without objection, a complaint on the ground that the allegations of the petition are insufficient to cover special damages comes too late after verdict. Indeed, it is held that proof of special damage, if not objected to when offered, cannot be ruled from the jury by an instruction after the evidence is closed, and furnishes no ground for a new trial."

See, also, Lashus v. Chamberlain, 6 Utah, 385, 24 Pac. 188; Plunkett v. Railway Co., 79 Wis. 222, 48 N. W. 519.

4, 5. This is the rule as to error in regard to the admission of proof concerning special damages, and, in the case before us, when every presumption must be indulged in favor of the regularity of the judgment attacked, it is apparent that appellants' contention is without merit. Even if the damages found are special damages, a question we need not determine, the court had power to award damages under the general allegations in the complaint, and if it erred in the particular kind of damages awarded, such error could be nothing more than error committed within jurisdiction, and which could be corrected only on a new trial or an appeal.

6. Neither is there any merit to the contention that the judgment is void in so far as it undertakes to award damages, for the reason that no damages are asked for in the prayer of the complaint. "Ordinarily," said the court in Johnson v. White Mountain Creamery Assn., 68 N. H. 437, 36 Atl. 13, 73 Am. St. Rep. 610, "it is the duty of the court to render such judgment as upon the whole record the law requires, without regard to any request or want of request therefor."

In Bell v. Merrifield, 109 N. Y. 202–207, 16 N. E. 55, 56 (4 Am. St. Rep. 436), under a statute identical with ours, the court declared:

"An answer having been interposed in this case, the formal relief asked in the complaint is not of much importance, and the court will grant the judgment which shall be consistent with the case made by the complaint and embraced within the issues."

"If the specific relief asked cannot be granted," said the court in Rollins v. Forbes and Wife, 10 Cal. 299, "such relief as the case stated in the bill authorizes, may be had under the clause in the prayer for general relief, *and even in the absence of such clause where an answer is filed.*" (The italics are ours.)

In Buena Vista F. & V. Co. v. Tuohy, 107 Cal. 243, 40 Pac. 386, the court said:

"In cases where an answer is filed the court may, under section 580 of the code of civil procedure, grant 'any relief consistent with the case made by the complaint and embraced within the issue.'"

See, also, Mariner v. Milisich, 45 Nev. 193, 200 Pac. 478.

The code section cited in the California case last mentioned is identical with our statute on the same subject-matter. Our statute, as pointed out in Mariner v. Milisich, supra, was borrowed from California. The statute determines the question. Section 299 of the civil practice act, Rev. Laws, 5241, reads:

"The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

As we have seen, the complaint contained allegations of general damages which are denied in the answer. Issue was thus joined thereon, and respondent was therefore entitled, under the statutory rule, to be awarded damages, regardless of the absence of a specific demand therefor in the complaint.

7. The judgment is not void as to that portion of it wherein it is adjudged that the Mexican ditch, its bed

and its banks, are the property of the respondent. This part of the judgment is in conformity with the allegations of the complaint. It is claimed that it is outside the issues for the reason that it gave respondent fourteen feet of appellants' land, whereas it is not alleged in the complaint that respondent was the owner of any part or portion of appellants' land. The fourteen feet was awarded as the necessary width of the easterly bank of the ditch. The banks of the ditch having been alleged as the property of the respondent, this portion of the judgment was clearly within the issues. How much land was necessary for the banks of the ditch to secure respondent in the reasonable and proper enjoyment of its easement over appellants' lands was a question for the trial court in the original case to determine under the evidence. If it erred in awarding more land than was necessary for the proper maintenance of the ditch, it was an error within jurisdiction, which we cannot inquire into in this case. The authorities cited by appellants defining what constitutes the bank of a river have no application to the banks of a ditch.

The order of the lower court dissolving the restraining order and temporary injunction is affirmed.

COLEMAN, J.: I concur.

SANDERS, J., dissenting:

I do not differ so much with the general principles announced in the opinion of the court as in the application of the law. Here it is that our paths diverge. It is the settled rule in equity that a party must recover according to the case made by his bill, or not at all. Hence, even under a prayer for general relief, the court cannot go outside the case made by the pleadings, and decree in favor of the plaintiff on grounds not stated in his complaint, or grant relief for matters not charged. 1 Black on Judgments, sec. 141.

The original action of the Mexican Dam and Ditch Company v. Schultz Bros. was a suit to quiet plaintiff's title to the Mexican ditch and to plaintiff's right to 216 cubic feet of water per second appropriated from the Carson River and flowing in said ditch. The plaintiff

alleged in its complaint that the defendants within four years last past unlawfully and wrongfully entered upon and into the banks of said Mexican ditch, and constructed along said bank, by cutting away a portion of said bank, a ditch approximately 1,160 feet in length; that said bank of said Mexican ditch had been unlawfully cut away by defendants to a depth of six feet in many places, thus weakening and injuring the banks thereof and rendering the same unsafe for the continued flowing of water in said ditch; that defendant Joseph Schultz had by force of arms threatened to prevent plaintiff and its employees from maintaining and repairing said ditch; that, by reason of said unlawful acts, plaintiff and its stockholders had been deprived of the use of water flowing in said ditch, and plaintiff had been injured and damaged by the cutting away and breaking of the banks of said ditch by defendants and in installing and changing boxes in the sum of $1,500.

The finding of the court upon this allegation of the complaint reads as follows:

"That, by reason of said unlawful acts hereinabove mentioned, plaintiff and its stockholders have been deprived of the use of water flowing in said ditch, and plaintiff has been injured and damaged by the said defendants installing and changing boxes, and cutting open the banks of said Mexican ditch, in the sum of $1,238."

The trial judge in rendering his decision directed that formal findings should, by reference thereto, adopt the opinion filed by the court in so far as the same passed upon the facts of the case.

The bill of complaint in the present case exhibits the judgment roll in the original case and by proper reference makes it a part of the complaint. Looking to the opinion of the court, it will be observed that it uses this language:

"I now reach the question of damages. * * * The other phase takes into account the expense the ditch company had to bear on account of the conduct and attitude of Schultz Bros. As I have the figures, this

amounts to $1,192, being mostly services for watchmen, but including one item of $46 for changing boxes back to their original position or taking out a box, another for $15 for Engineer Miller, and one of $5 for Engineer Payne.   *   *   *   Damages are, therefore, allowed against Schultz Bros. for $1,238.  As said before, there is no prayer for damages, so this amount is allowed as an essential element of the case under the general prayer."

The opinion of the trial judge is no part of the findings, and, when made a part of the record on appeal, it can only be looked to to assist the court in a correct disposition of the case.  In the bill of complaint in the present action the opinion, decision, and findings of fact in the original action convince me that the court exceeded its jurisdiction in awarding damages for $1,238 for matters not charged in the complaint.  The judgment, therefore, for said amount of damages, is not supported by the pleadings.

Entertaining these views, I am compelled to dissent from the judgment of the court.