## IN RE WATER RIGHTS IN HUMBOLDT RIVER

No. 2712

June 5, 1926. 246 P. 692.

### ON MOTION TO DISMISS

1. WATER—DISTRICT COURT HAS NO JURISDICTION IN STATUTORY PROCEEDING FOR ADJUDICATION OF WATER USERS' RIGHTS TO ENJOIN TAKING OR DIVERSION OF WATER.

Proceedings under water law, Stats. 1913, c. 140, as amended by Stats. 1915, c. 253, and Stats. 1921, c. 106, to adjudicate rights of water users along river, is special, and water users are limited by plan outlined in water law, secs. 33, 35, as amended by Stats. 1921, c. 106, secs. 5a, 5b, and sections 38 and 39, as amended by Stats. 1915, c. 253, secs. 8, 9, last of which authorizes stay of proceedings to protect their rights, so that district court has no jurisdiction in such proceeding to enjoin taking or diversion of water.

2. WATER—RIGHT TO USE PUBLIC WATERS IN NEVADA MAY BE ACQUIRED BY APPROPRIATION FOR IRRIGATION PURPOSES.

Doctrine of riparian rights is inapplicable to semiarid conditions prevailing in Nevada, and right to use public waters in such state may be acquired by appropriation for irrigation purposes.

3. WATER—NO RIGHT TO APPEAL FROM ORDER DENYING INJUNCTION, SOUGHT IN PROCEEDING FOR ADJUDICATION OF WATER RIGHTS, AGAINST DIVERSION OF WATER, EXISTS.

Proceeding under water law, as amended by Stats. 1915, c. 253, and Stats. 1921, c. 106, for adjudication of rights of

water users along river, being special statutory proceeding, no right to appeal from order denying injunction prayed for therein against taking or diversion of water exists, not being expressly conferred by statute.

4. WATER—APPEAL FROM ORDER IN PROCEEDING FOR ADJUDICATION OF WATER RIGHTS DENYING INJUNCTION AGAINST DIVERSION OF WATER HELD UNAUTHORIZED.

Water law, sec. 75, as amended by Stats. 1915, c. 253, sec. 13, authorizing review of order or decision relating to administration of determined water rights by proceeding for that purpose, does not give right of appeal from order denying injunction against taking or diversion of water.

See 40 Cyc. p. 701, n. 83; p. 737, n. 63. 64 (new); p. 738, n. 72 (new).

APPEAL from Sixth Judicial District Court, Humboldt County; *Geo. A. Bartlett*, Judge.

In the matter of the determination of the relative rights of claimants and appropriators of the water of the Humboldt River Stream System. From an order denying an injunction against the Union Canal Ditch Company and others, and granting an injunction against the Old Channel Ditch Company and others, the latter appeal. **Appeal dismissed.**

*Thatcher & Woodburn, Price & Hawkins,* and *M. A. Diskin,* Attorney-General, for Movants (Respondents):

Water code provides general system of adjudicating relative rights of all claimants and is special statutory proceeding to which rules of procedure applicable to other civil actions do not apply. 3 C. J. 325.

There is provision for appeal after, but not before, final decree. Sec. 35.

Proceedings here attempted are in nature of mandamus to compel lower court to pass on appellants' claims piecemeal, as separate controversy and before adjudication is finally determined. Proceeding in district court is not controversy between different claimants. Humboldt L. & S. Co. v. District Court, 47 Nev. 395; In Re Silvies River, 199 F. 495.

Proceeding is to settle priority of rights, nothing else. Clay Spring Cattle Co. v. Bassett, 233 P. 156; Symons-Kraussman v. Liquor Co., 32 Nev. 241.

All persons who might be affected by appeal must be

served with notice, in absence of which case will be dismissed. In Re Chewaucan River, 171 P. 402.

Adjudication involves rights of about five hundred claimants. If this appeal is effectual for any purpose, lower court has no right to proceed during its pendency. This court has no jurisdiction until final decree is rendered by district court.

Injunctive relief is not contemplated. Pleadings are limited to order of determination, statement or claims of claimants, and exceptions, and "there shall be no other pleadings in the case." Sec. 35.

Vineyard L. & L. Co. v. District Court 42 Nev. 1, did not construe original act of 1913, but the amendments of 1915.

*Cooke & Stoddard* and *B. B. Goodman,* for Appellants:

These proceedings are nothing more than application for stay in part of order of determination, and for court to fix bond, and are clearly within section 39 of water law. Section 75 alone is ample authority for this proceeding. Both sections 36 and 75 clearly contemplate that none is proper party other than those aggrieved.

Appellants should not be penalized merely because we went further than was actually required by filing rather formal petition and asking for injunction, instead of merely asking stay of proceedings. We gave court indispensable information enabling it to determine amount of bond.

Wattles v. Baker County, 117 P. 417, does not hold that "determined rights" relate only to adjudicated rights, but on contrary is clear authority that "determined rights" include those determined by engineer, from time order is filed until court acts thereon. This case would be no authority here, anyway, as Oregon has no statute comparable to our section 75. Their act authorized injunction and appeal from decision of engineer.

Exceptions to order of determination shall be filed at least five days before hearing. Section 35, Stats. 1921. Only those who have filed exceptions will be heard.

Order is res adjudicata or binding as to those having notice but who do not file. If no exceptions are filed, court may hear further testimony or not, and affirm order of determination. This shows engineer's order has legal force prior to and without any action by court. Otherwise section 39 would be meaningless and would require obedience to rights determined by nobody.

Relief may be asked by "adjudicated" claimant within three years. Section 36A, Stats. 1921, 175.

Legislature knew distinction between terms, and used them advisedly.

"Adjudicate" relates to exercise of judicial power. 1 C. J. 1236; Nielsen v. Utah Bank, 120 P. 211. "Determine" relates to findings of administrative officer or board deciding according to discretion. State v. State Board etc., 18 Nev. 173.

## OPINION

By the Court, COLEMAN, C. J.:

This proceeding was initiated by the state engineer of Nevada some years ago to have adjudicated the relative rights of the water users along the Humboldt River, pursuant to statutory authorization. Stats. 1913, c. 140, as amended Stats. 1915, c. 253, Stats. 1921, c. 106. After running the gauntlet of several proceedings, a final order of determination was made by the state engineer determining the rights of the respective water users along the Humboldt River, which was filed with the clerk of the district court of the Sixth judicial district in and for Humboldt County, on January 2, 1923. Within the time provided by law, many of the interested parties, and, among them, the appellants, filed their exceptions to said final order of determination. The state engineer, after the filing of such order with said clerk, entered upon the business of executing said order of determination. In allotting the waters of said river an aggregate of 1,410 miners' inches was set over to the water users under the Old Channel Ditch Company, the appellants. On May 14, 1925, said state engineer allocated and

allowed to run through the gates as set by him 5,000 miners' inches to the Union Canal Company and Southwest Ditch Company, and 5,000 miners' inches to Rogers Ditch Company. On May 15, 1925, and during the pendency of the hearing on the exceptions to said final order of determination, appellants herein filed and served in said proceeding in the Sixth judicial district court of Humboldt County a petition praying for an injunction in said proceedings against the Union Canal Company, Southwest Ditch Company, the state engineer, and all persons acting through them, to restrain them from taking or diverting to exceed 2,750 miners' inches of water from said Old Channel Ditch Company, so long as there shall not be at least 5,500 miners' inches of water then available for use by the petitioners.

An answer was filed to said petition, and upon a hearing duly had the court entered an order denying the application for an injunction. The petitioners have appealed from that order. This matter is now before us on a motion to dismiss the appeal. Several grounds are urged in support of the motion.

1, 2. It is asserted by the respondents that the proceeding in which the application for an injunction was made is a special proceeding, and that the district court had no jurisdiction to issue an injunction, and hence the appeal should be dismissed. It is contended on the part of appellants that the district court is a court of general jurisdiction, with general equity powers, and pursuant thereto had jurisdiction to issue an injunction in this matter.

We are clearly convinced that the view taken by counsel for the respondents is the correct one. The purpose and history of the water law of this state is clearly stated in the case of Humboldt Land & Cattle Co. v. District Court, 47 Nev. 396, 224 P. 612, and the decisions therein mentioned; hence we will but briefly outline the purposes of the law herein.

In view of the semiarid conditions prevailing in this state, it is impossible to grow crops except under irrigation, and therefore the doctrine of riparian rights has

been held not applicable to conditions in this state, and that the right to the use in the public waters in the state might be acquired by appropriation for irrigation purposes. In view of the conditions mentioned, and long prior to any statutory authorization, landowners appropriated the public waters of the state by applying it to a beneficial use. At a later period it became evident that the method of appropriating the public waters should be regulated by statute. At a still later period, in view of the agricultural development of the state and the policy of the state to promote such development to the highest degree, and of the further fact that in hundreds of instances there was no record of the amount of water to which the various appropriators along a stream system were entitled, or of the quantity of water in such stream not appropriated, and open to appropriation, and of the still further fact that water users are often prone to encroach upon the rights of others, frequently resulting in a breach of the peace, the legislature enacted the water law of 1913, and the amendatory acts cited. The water law empowers the state engineer to initiate proceedings to determine for administration purposes the relative rights of all of the appropriators of the waters of a stream system. It is the duty of the state engineer to make a survey of such stream system, ascertain the names of all of the appropriators of water upon said stream system, give them notice of hearings to determine the extent of their respective rights, and finally to make an order determining the relative rights of all such appropriators.

Section 33 of the water law (as amended by Stats. 1921, p. 174, c. 106, sec. 5a) provides that, when such order of determination is filed with the clerk of the proper district court, it shall have the legal effect of a complaint in a civil action, and that a copy thereof shall be served on all interested parties. Section 38 of the act mentioned (as amended by Stats. 1915, c. 253, sec. 8), provides that, from and after the filing of the order of determination, evidence, and transcript with the proper clerk, and during the time of the hearing thereon, the

division of the water of the stream shall be made by the state engineer in accordance with the order of determination.

Section 35 of the water law (as amended by Stats. 1921, c. 106, sec. 5b) provides that, if there be no exceptions to the order of determination, the court may take such testimony as may be deemed proper and shall then enter the findings of fact and decree. If exceptions are filed, then there shall be a hearing as nearly as may be in accordance with the rules governing civil actions.

By section 39 (as amended by Stats. 1915, c. 253, sec. 9) it is provided that, at any time after the order of determination, evidence, and transcript have been filed with the clerk of the court, the operation of the order of determination may be stayed by any party upon giving a bond in the court wherein such determination is pending.

Though it appears that there are over 500 parties to this proceeding, only a few of them were notified of appellants' intention to apply for an injunction and made parties to this appeal.

In view of the conditions presented, it can readily be understood why the enactment of a special statutory proceeding was imperative, not only to the highest development of our state. but also to the proper supervision of the water of our stream systems. The act not only provides a means whereby the rights of the respective water users may be ascertained and adjudicated, but a means of supervising the distribution of the water which takes from each water user the heretofore exercised privilege of being both judge and executioner in such matters, and places such duties under the supervision of the state engineer.

The water law is a special statutory proceeding brought into effectual existence after much travail to meet a great public need. The law meets every demand for a full, fair, and just determination of the rights of every water user. It safeguards the rights of every water user by giving him the benefit of a stay of the order of determination until final decree and every

advantage of a full judicial hearing and determination in the district court. Though these rights are secured to him, he must avail himself of them by proceeding in the manner outlined in the water law. The law is constitutional, and there is no contention to the contrary. The appellants are parties to proceedings—made so by the state engineer—and they had the option of obtaining a stay as provided by section 39, all they could hope for in an injunction proceeding. The procedure under the statute being special in character, the appellants are limited to the plan therein outlined to protect their rights.

3, 4. But it is said that the application made for an injunction is in substantial compliance with the spirit of the statute, and hence they have a right to appeal. This being a special statutory proceeding, no right to appeal exists unless it is expressly conferred by the statute. Coffin v. Coffin, 40 Nev. 345, 163 P. 731. Appellants assert that such a right exists pursuant to section 75 of the water law (as amended by Stats. 1915, c. 253, sec. 13), which provides:

"Any person feeling himself aggrieved by any order or decision of the state engineer, acting in person or through his assistants or the water commissioners, affecting his interests, when such order or decision relates to the administration of determined rights * * * may have the same reviewed by a proceeding for that purpose, in so far as may be in the nature of an appeal, which shall be initiated in the proper court of the county in which the matters affected or a portion thereof are situated. * * *"

The foregoing quotation from the section clearly designates in what situation and in what circumstances the proceeding may be initiated. In the first place, the proceeding must be in the nature of an appeal, which must be "initiated in the proper court," etc., and it must relate to the administration of determined rights.

The application for the injunction in this case is not in the nature of an appeal. It was made in the very proceeding which was pending, wherein a final decree of

the court was to be eventually entered, adjudicating the relative rights of the water users of the Humboldt River. Furthermore, the provision that the proceedings in the nature of an appeal contemplated by the section must be "initiated in the proper court of the county," etc., negatives the idea that it referred to the situation here presented. Such an appeal is limited to an appeal from the state engineer to the proper court of the county. We think, too, that by the term "administration of determined rights" was contemplated administration in accordance with the terms of the final decree of the court. The filing of the order of determination with the clerk of the court, as pointed out, is the first step in the court proceedings, and it is the duty of the state engineer, as fixed by statute, to distribute the water according to such final determination, unless a stay bond is given. The proceeding being special, and the determination of the very question presented being already before the court in the manner provided by statute, it would be a singular thing if a party could ignore such method of review and resort to a method of procedure recognized in general equity practice. But a conclusive answer to the contention that the right of appeal in this matter is conferred by the section in question is the fact that the legislature never contemplated, as we have held, such a procedure in the district court as was initiated by appellant. Certainly, if no such procedure was contemplated in the district court, the legislature never intended conferring the right of appeal from the order in question.

It is ordered that the appeal be dismissed.