ANDREW JAHN, PETITIONER, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF HUMBOLDT, AND J. M. LOCKHART, AS ACTING AND PRESIDING JUDGE THEREOF, RESPONDENTS.

No. 3208

November 18, 1937. 73 P.(2d) 499.

*Roy W. Stoddard* and *Myron R. Adams,* for Petitioner:

*Hawkins, Mayotte & Hawkins,* for Respondents:

## OPINION

By the Court, HATTON, District Judge:

These proceedings arise out of the claim of the Humboldt Lovelock Irrigation, Light & Power Company (hereinafter referred to as "the company") to a vested right to take and store annually a minimum of 49,770 acre-feet of water of the Humboldt river, together with

the right to control the distribution of such water, free from interference on the part of the state engineer.

Pursuant to such claim of right, the company filed in the Sixth judicial district court, in case No. 2804, entitled: "In the Matter of the Determination of the Relative Rights of Claimants and Appropriators of Waters of the Humboldt River Stream System and its Tributaries," its petition, based primarily upon section 36½ (section 7926 N. C. L.) and section 77 (section 7963 N. C. L.) of the water law, praying that the state engineer be ordered to desist from interfering with the intake and diversion dam, the canal, control works, reservoirs, and outlet control works of said reservoirs of the petitioning company, and that he be ordered to receive all water released by the company from its reservoir system and distribute the same as directed by the company. On July 16, 1937, upon the petition referred to, and without notice to the state engineer, an order was issued by the presiding district judge, as prayed for.

On July 23, 1937, the petitioner, Andrew Jahn, filed in this court his application and affidavit for a writ of certiorari, and, likewise, on the same date, a similar application of the State of Nevada, upon the relation of Alfred Merritt Smith, state engineer of the State of Nevada, was filed. Thereafter, a writ of certiorari was issued on each of the applications referred to, requiring the presiding district judge, pending the further order of this court, to desist from further proceedings in the matter referred to, staying his order, and ordering the state engineer to distribute the waters of the Humboldt river, in the Lovelock Valley district, in accordance with the "Bartlett Decree" of October 20, 1931, until the further order of this court.

After a hearing, an order of this court was made on August 9, 1937, in each of the above-entitled proceedings, setting aside the order of the presiding district judge made on July 16, 1937, and restraining the said

court and judge from further action in the matter. The order in State ex rel. Smith v. Sixth Judicial Dist. Court (Nev.) 73 P.(2d) 502, which is substantially the same as the order in this case, reads as follows:

"This matter coming on for hearing upon the petition and return thereto, and counsel for plaintiff and relator and respondents being heard, and the court being fully advised in the premises and being of the opinion that the method of obtaining relief contended for by the Humboldt Lovelock Irrigation, Light and Power Company, is exclusively provided for by section 75 of the Water Law (section 7961, N. C. L.), and that the respondent court and the Honorable J. M. Lockhart, Presiding Judge thereof, were without jurisdiction to entertain the proceeding complained of herein, and are without jurisdiction to further proceed therein.

"It is ordered, adjudged and decreed that the order and proceedings had, made and entered by said respondent court, and said presiding judge complained of by Plaintiff and Relator be, and the same are hereby set aside, annulled and held for naught, and said court and judge hereby restrained from further action in said proceeding."

The purpose of this opinion is to set forth briefly the views upon which the said orders of this court of August 9, 1937, are based.

In the orders referred to, we held that the Humboldt Lovelock Irrigation, Light & Power Company, in seeking the relief for which it contends, is limited to the remedy provided for in section 75 of the water law (section 7961 N. C. L.). The portion of that section which is pertinent at the moment reads as follows: "Any person feeling himself aggrieved by any order or decision of the state engineer, acting in person or through his assistants or the water commissioners, affecting his interests, when such order or decision relates to the administration of determined rights or is made pursuant to sections 52 to 88, inclusive, of this

act, may have the same reviewed by a proceeding for that purpose, insofar as may be in the nature of an appeal, which shall be initiated in the proper court of the county in which the matters affected or a portion thereof are situated. The proceedings in every case shall be heard and tried by the court, and shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. And no such proceedings shall be entertained unless notice thereof, containing a statement of the substance of the order or decision complained of, and of the manner in which the same injuriously affects the petitioner's interests, shall have been served upon the state engineer, personally or by registered mail, at his office at the state capitol within thirty days following the rendition of the order or decision in question."

This section affords a remedy to any person aggrieved by any order or decision of the state engineer relating to the administration of determined rights or made pursuant to sections 52 to 88, inclusive, of the water law (sections 7937–7974 N. C. L.). The acts of the state engineer, complained of by the company in the lower court, constitute a decision or series of decisions on his part, within the meaning of section 75. The decision or decisions referred to were made pursuant to, or under color of, his power and duties prescribed by sections 54 and 72a of the water law (N. C. L., secs. 7939, 7958). Under these sections, there devolves on the state engineer the power and duty to divide the waters of the natural streams in the state among the several ditches and reservoirs taking water therefrom and to regulate the distribution of water among the various users under any ditch or reservoir, whose rights have been adjudicated. The company's water rights are based on its permits to appropriate water and the certificates of appropriation mentioned in said sections, and the decree of court pursuant to procedure provided for in sections 18 to 37 of the water law (N. C. L., secs.

7905–7927). Hence, the remedy provided for in section 75 (N. C. L., sec. 7961) is applicable to the said decisions of the state engineer.

■ The company, however, has sought to invoke the powers of the district court mentioned in section 36½ of the act (N. C. L., sec. 7926). That section reads as follows: "From and after the filing of the order of determination in the district court the distribution of water by the state engineer or by any of his assistants or by the water commissioners or their assistants shall, at all times, be under the supervision and control of the district court, and said officers and each of them shall, at all times, be deemed to be officers of the court in distributing water under and pursuant to the order of determination or under and pursuant to decree of the court." Added, Stats. 1927, pp. 336, 337.

In enacting that, from and after the filing of the order of determination, the distribution of water shall at all times be under the supervision and control of the district court, the legislature intended that the stream system, for the purposes of control and distribution, should be deemed to be in custodia legis. State v. District Court, 52 Nev. 270, 277, 286 P. 418. We do not believe, however, that the language referred to was intended as an attempt by the legislature to clothe the court with administrative functions which, by other sections of the act, devolve upon the state engineer. The purpose of the act is to clothe the state engineer with the administrative, and the courts with the judicial, powers and duties essential to the control and distribution of the public waters of the state.

■ On behalf of the respondents, it is argued that the order of the lower court is supported by the court's inherent power to instruct and direct its officers. Contrary to this contention, this court has held that the water law and all proceedings thereunder are special in their character and that the basis of jurisdiction of the court, in all matters pertaining to the adjudication and

control of the public waters of the state, must be found in the water law. Ruddell v. District Court, 54 Nev. 363, 17 P.(2d) 693.

In pursuing the remedy provided for in section 75 of the water law (N. C. L., sec. 7961), it is required that the proceeding for the remedy be initiated in the proper court of the county in which the matters affected, or a portion thereof, are situated. Such matters in this case being situated in Pershing County, the district court in and for the county of Humboldt is without jurisdiction to entertain the proceeding.

As the water law (Comp. Laws, sec. 7890 et seq.) does not contemplate such a procedure in the district court as was initiated by the company, the law does not confer the right of appeal from the order in question. In re Water Rights, 49 Nev. 357, 365, 246 P. 692.

The petitioner, Andrew Jahn, is shown to be a water user named in the decree in the water adjudication proceeding, and hence is beneficially interested here, and his injury is shown by his affidavit. In the judgment of this court, neither of the applicants for a writ has any other plain, speedy, and adequate remedy. The applicants were not required to first call to the attention of the lower court its lack of jurisdiction. State v. District Court, 51 Nev. 206, 273 P. 659. That rule has been applied in cases involving the writ of prohibition. City of Los Angeles v. District Court, 58 Nev. 1, 67 P.(2d) 1019. On principle, the same rule is applicable in these proceedings.