W. W. CARPENTER, JOHN FANT and ANDREW JAHN, Petitioners, v. SIXTH JUDICIAL DISTRICT COURT OF NEVADA, in and for the County of Humboldt, and J. M. LOCKHART, as Presiding Judge Thereof, Respondents.

No. 3195

December 7, 1937. 73 P. (2d) 1310.

*John R. Jurgenson, Myron R. Adams* and *Roy W. Stoddard,* for Petitioners:

*Gray Mashburn,* Attorney-General, *W. T. Mathews* and *W. Howard Gray,* Deputy Attorneys-General, for

Respondents; *M. A. Diskin, Morley Griswold, McNamara & Robbins,* and *Milton B. Badt,* for sundry claimants:

## OPINION

By the Court, HATTON, District Judge:

This is an original proceeding in prohibition to restrain the Honorable J. M. Lockhart, as presiding judge of the Sixth judicial district court of the State of Nevada, in and for the county of Humboldt, or any other district judge who may hereafter preside in said

cause, from proceeding with the new trials granted by the said district judge in the cause entitled : "In the Matter of the Determination of the Relative Rights of Claimants and Appropriators of the Waters of the Humboldt River Stream System and its Tributaries."

The order of determination of the state engineer, determining water rights on the Humboldt river system, was filed with the clerk of the Sixth judicial district court, in and for Humboldt County, on January 17, 1923. A number of claimants on the stream system filed their exceptions to the said order. Hearings on these exceptions were had before the Honorable George A. Bartlett, presiding district judge, whose findings and decree were subsequently filed and entered. In the said findings and decree, some 191 claimants, who had not filed exceptions in that regard, were awarded earlier and better priorities with respect to their water rights than had been allotted to them in the order of determination of the state engineer; such earlier and better priorities being based upon the application of the doctrine of relation in determining the dates of such priorities. The petitioners herein moved for and obtained an order, made by the Honorable H. W. Edwards, presiding district judge, setting aside the said Bartlett findings and decree, in part, and granting a new trial with respect to the application of the doctrine of relation to the 191 noncontest claimants above referred to. Upon such new trial, Judge Edwards made findings of facts and conclusions of law reciting that the application of the doctrine of relation to the said noncontest claimants by Judge Bartlett was without authority of law and void, and entered his decision and decree with respect thereto. To the latter decision motions for new trial were interposed, and were granted by Judge Lockhart. The claimants who sought and were granted new trials by Judge Lockhart took the position that all of the claimants on the river system should have the benefit of an investigation of the facts bearing on the application of the doctrine of relation. With approval of

the movents' attitude, Presiding Judge Lockhart granted new trials, the scope of which would open to consideration and adjudication the claims of all claimants on the river system which might now be presented, based on the doctrine of relation. The petitioners now seek to restrain the respondent court from proceeding with the new trials so granted by Judge Lockhart.

The petitioners contend that, because of the absence of exceptions to the order of determination of the state engineer on the ground of failure to apply the doctrine of relation, there are no issues on that subject presented in the pleadings upon which a new trial could be based. In answer to this, the respondents maintain that such issues may be raised, or may be deemed to be raised in the absence of such exceptions. Section 35 of the water law (section 7922 N. C. L.) provides as follows: "At least five days prior to the date set for hearing, all parties in interest who are aggrieved or dissatisfied with the order of determination of the state engineer shall file with the clerk of said court notice of exceptions to the order of determination of the state engineer, which notice shall state briefly the exceptions taken, and the prayer for relief, and a copy thereof shall be served upon or transmitted to the state engineer by registered mail. The order of determination by the state engineer and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings, and there shall be no other pleadings in the cause."

■ The exceptions, duly filed, perform functions of such importance that the necessity of filing them should not be dispensed with. It is the filed exception that gives notice to all other claimants as to the objections and demands of the exceptor. The purpose of the law is to limit the questions to be decided in the adjudication proceedings to issues raised by exceptions duly filed. In Humboldt Land & Cattle Company v. Sixth Judicial District Court, 47 Nev. 396, 224 P. 612, 614, this court said: "The section * * * requires all those

aggrieved or dissatisfied to file notice of their exceptions with the clerk setting forth the grounds and prayer for relief, thus affording all parties in interest who are satisfied with the order of determination an opportunity to appear before the court and oppose any alteration or modification of the order as proposed by those excepting."

In the case of In re Water Rights in Humboldt River Stream System, 49 Nev. 357, 246 P. 692, 694, this court further said: "The water law is a special statutory proceeding brought into effectual existence after much travail to meet a great public need. The law meets every demand for a full, fair, and just determination of the rights of every water user. * * * Though these rights are secured to him, he must avail himself of them by proceeding in the manner outlined in the water law."

See, also, Ruddell v. Sixth Judicial District Court, 54 Nev. 363, 17 P. (2d) 693.

This court has held that a judgment which adjudges matters outside the issues raised by the pleadings is so far void. Schultz v. Mexican Dam & Ditch Company, 47 Nev. 453, 224 P. 804; Douglas M. & P. Co. v. Rickey, 47 Nev. 148, 217 P. 590.

■ As we view this matter, there was no jurisdiction as the basis for Judge Bartlett's order awarding the 191 noncontesting claimants an earlier and better priority than that fixed by the order of determination. If this is true, we fail to see how Judge Lockhart could have jurisdiction to grant a new trial with a view of restoring to these noncontesting claimants, or any of them, priorities which Judge Bartlett awarded, or any priorities other than those fixed in the order of determination.

■ The proceedings sought to be reviewed grew out of and are limited solely to the attack on Judge Bartlett's decree as to the 191 noncontesting claimants, made by petitioners. No other claimant on the Humboldt river stream system attacked the Bartlett decree in this respect, so far as appears, and no other claimant, as a result of the motion on which Judge Edwards based

his ruling, could enlarge the scope of the proposition presented by petitioners' application, upon which he acted, so as to extend to and raise questions other than was originally raised by the motion for a new trial.

■ It is argued on behalf of respondents that the record brought up by the petitioners is lacking in essential elements. Upon considering the objections in that regard, we find no essential element to be lacking.

For the reasons given, it is hereby ordered that the demurrers to the petition for writ of prohibition, and the motions to quash the alternative writ, are overruled, and that said Presiding Judge, J. M. Lockhart, or any other district judge who may hereafter preside in said cause, is prohibited, enjoined, and restrained from proceeding with the new trials granted by said presiding district judge in said court and cause by orders dated December 3, 1936, and filed therein on December 5, 1936.

The petitioners are allowed their costs in this proceeding.

NOTE—TABER, J., having disqualified himself, the Governor designated HON. WM. D. HATTON, Judge of the Fifth Judicial District, to sit in his stead.

### ON PETITION FOR REHEARING
April 25, 1938.

*Per Curiam:*

Good cause appearing therefor, it is ordered that the various petitions for rehearing filed herein be and they are hereby granted.

It is further ordered that the case be set down for argument on Wednesday, May 25, 1938, at 10 a. m.

### ON REHEARING
November 26, 1938. 84 P.(2d) 489.

For former opinion, see 59 Nev. 42, 73 P.(2d) 1310.

*John A. Jurgenson, Myron R. Adams* and *Roy W. Stoddard,* for Petitioners.

*Gray Mashburn,* Attorney-General, *W. T. Mathews* and *W. Howard Gray,* Deputy Attorneys-General, for Respondents.

*M. A. Diskin, Morley Griswold, McNamara & Robbins,* and *Milton B. Badt,* for Sundry Claimants.

## OPINION

By the Court, HATTON, District Judge:

A rehearing was granted in this matter.

Counsel for respondents contend that we misconstrued in our former opinion section 35 of our water law (sec. 7922, N. C. L.), in that we did not give full effect to that portion thereof consisting of the amendment of 1921.

The section in question reads: "§ 35. At least five days prior to the date set for hearing, all parties in interest who are aggrieved or dissatisfied with the order of determination of the state engineer shall file with the clerk of said court notice of exceptions to the order of determination of the state engineer, which notice shall state briefly the exceptions taken, and the prayer for relief, and a copy thereof shall be served upon or transmitted to the state engineer by registered mail. The order of determination by the state engineer and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings, and there shall be no other pleadings in the cause. *If no exceptions shall have been filed with the clerk of the court as aforesaid, then on the day set for hearing the court may take further testimony if deemed proper, and shall then enter its findings of facts and judgment and decree.* On the day set for hearing, all parties in interest who have filed notices of exceptions as aforesaid shall appear in person or by counsel, and it shall be the duty of the court to hear the same or set the time for hearing, until such exceptions are disposed of, and all proceedings thereunder, including the taking of testimony, shall be as nearly as may be in accordance with the rules governing civil actions."

That portion of the section which is italicized is the amendment of 1921. It seems that the legislature had in mind, in incorporating the 1921 amendment into the section, that one of two situations might confront the court in the adjudication of a stream system—one in which *no* exceptions are filed to the order of determination, and one in which exceptions are filed by one or more appropriators and none filed by those who do not deem themselves aggrieved by the order. It seems clear from a reading of the above section with the amendment of 1921 deleted, that if no exceptions are filed the court has no power to do else than to enter a decree in accord with the order of determination. What was the effect of the amendment of 1921? It is the contention

of respondent that its effect was to open the matter wide for the taking of testimony as to the rights of each and every water user, even though some failed to file exceptions.

We must carefully consider the entire section, so far as material, in disposing of this contention. Let us now consider the sentence reading: "The order of determination by the state engineer and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings and there shall be no other pleadings in the cause." The sentence clearly indicates that it was the intention of the Legislature that the pleadings should be limited. The purpose of pleadings, as we know, is to define the issues involved. The section under consideration, in the first sentence thereof, provides that all *aggrieved* shall file with the clerk of the court exceptions to the order of determination, which shall state briefly the exception taken. The sole purpose of this provision was to provide the method whereby an issue could be raised.

The sentence following that incorporated by the act of 1921 provides that on the day set for hearing all parties in interest *who have filed notices of exceptions,* shall appear, and it shall be the duty of the court to hear the "same" until "such exceptions" are disposed of, "and all proceedings thereunder, including the taking of testimony, shall be as nearly as may be in accordance with the rules governing civil actions." The last sentence of the section clearly limits the taking of testimony, where exceptions are filed, to the issues raised by the exceptions filed. Even the taking of testimony is limited, by the express language of this sentence, to the issues raised by the exceptions. This is indicated by the words "the taking of testimony, shall be as nearly as may be in accordance with the rules governing civil actions." This quoted language must be construed to mean that the evidence must be confined to the issues raised, for in civil actions such is the practice.

The amendment applies to matters in which *no*

exceptions are filed. In the instant matter hundreds of water users on the Humboldt river stream system excepted to the order of determination, although many filed no exceptions; hence this is not a case in which "no exceptions" were filed. We need not say what would be the length to which the court might go if absolutely no exceptions had been filed, because no such situation is here presented.

■ The contention of respondents, which is in effect that one noncontesting water claimant in a great stream system, after years of expensive litigation, could come in and throw open the stream system to another decade of litigation, is contrary to the spirit of the water law, which, as stated by Justice COLEMAN in Vineyard Land & Stock Co. v. District Court, 42 Nev. 1, 171 P. 166, is to provide a method whereby unappropriated water might be appropriated, or whereby the relative rights of appropriators of the waters of the public streams of the state might be determined without *great* delay and expense to such appropriators, and to enable the state to supervise and administer the distribution of such waters so that the greatest good might be attained therefrom for the development of our agricultural resources. If respondents are to prevail, these objectives are as far from consummation as they were in the beginning. In the adjudication of a stream as large as the Humboldt river some inequities are liable to result to water claimants.

■ To give the 1921 amendment the construction contended for by respondents would, in effect, nullify the other portions of the section to which we have alluded. This we cannot do without doing violence to the well-known rule that every portion of a section must be given effect. All portions of the section must be harmonized.

We will now consider the eight petitions for rehearing which have been filed in this proceeding. In addition to the petition filed on behalf of the respondent court, there were joined in one petition for rehearing,

on the doctrine of relation only, the following water claimants: Samuel McIntyre Investment Company, S. N. Bond, John M. Marble, Robert N. Marble, A. G. McBride, J. H. Carter Estate, H. H. Cazier, Kearns Corporation, Charles Dressi and Henderson Banking Company Mortgage Corporation. Separate petitions were filed in behalf of Hibernia Savings and Loan Society, T. S. Cattle Company, Rufus H. Kimball, A. G. McBride, S. N. Bond, H. H. Cazier and John H. Cazier Estate, for the rehearing of issues other than the application of the doctrine of relation. All of these claimants and petitioners seek a reversal of the order of this court of December 7, 1937, enjoining the trial court from proceeding with the new trials previously ordered. Twelve orders for new trial were made by the court below. With two exceptions, hereinafter referred to, the new trials so ordered were based upon timely notices of motion made in January 1935, and were ordered for the purpose of reviewing the facts in the light of the doctrine of relation.

■ With regard to the joint petition for rehearing, filed on behalf of Samuel McIntyre Investment Company and others, our decision is determined by the fact that, while the new trials ordered were limited to the application of the doctrine of relation, the fact is that no exceptions on that subject were filed by any of these claimants, and hence no issues are presented as subject matter for the new trials so limited.

Turning next to the petition of the Hibernia Savings and Loan Society, it is found that two notices of motion for new trial were given by this claimant—one in January 1935, and the other in October 1935. The timely motion made in January was granted, the new trial being limited to the application of the doctrine of relation. Counsel for the claimants urges that it was not the intention of the court to so limit the scope of the new trial, but that it was intended that the same should go to the consideration of the issues raised by exceptions filed by the claimant's predecessor on grounds

other than the doctrine of relation. The order of the court, in granting the new trial, reads as follows:

"In accordance with the decision of the court this day made granting the motion for a new trial made by Kearns Corporation.

"It is ordered that the motion of Hibernia Savings and Loan Society, successor to X. Rodwell Meyer, successor to William Dunphy Estate, filed January 16, 1935, be, and the same hereby is, granted."

 The decision of the court in granting the motion of Kearns Corporation for a new trial deals exclusively with the application of the doctrine of relation, and thereby limits the scope of the new trial to the matter of applying that doctrine to the facts presented. The issues raised by the exceptions of the claimant are therefore without the scope of the new trial order. A further order for new trial, not limited to the doctrine of relation, was granted this claimant, based upon its notice of motion given in October 1935. The question arises as to whether this latter notice was timely. Ten days from date of notice of decision are allowed for filing notice of motion for new trial. The notices filed in October were evidently filed on the theory that the time for filing had been extended by reason of the fact that Judge Edwards refiled his findings and decree (Exhibit 12). The occasion for the refiling lay in the fact that the findings had not been served on the interested parties before their first signing by the judge. Respondents argue that the refiled findings and decree "contain many matters which are in effect matters of decision," and hence constitute the filing of the decision. The refiled findings and decree are identical with those filed in December 1934, upon which notice of decision was given in January 1935. Nothing was added thereto. The ten days for giving of notice of motion for new trial ran from the latter date. Hence the notice of motion for new trial given in October 1935 came too late.

As to the petition for rehearing filed on behalf of the

T. S. Cattle Company, the only notice of motion for new trial on behalf of that claimant was the joint notice with Hibernia Savings and Loan Society, given and filed in October 1935. Such notice came too late, for the reasons above given. This is also true of the order granting a new trial to John M. Marble and others, based upon their joint notice of motion filed October 28, 1935.

As to the petition for rehearing filed on behalf of Rufus H. Kimball, it appears that the Hunter-Banks Company, a predecessor of Kimball, filed exceptions to the order of determination. These exceptions were four in number and relate to the request for substitution of name of successor claimant, duty of water, length of irrigation season and a claimed prescriptive right to the use of waters. None of these exceptions relate to the application of the doctrine of relation. Upon the hearing of the exceptions had before Judge Bartlett, some modifications of the order of determination were made in which were included the application of the doctrine of relation. Carpenter and others, the petitioners for the writ of prohibition herein, then moved for a new trial upon the ground that the court was without jurisdiction to apply the doctrine of relation in the absence of any exception on that subject. A new trial was granted by Judge Edwards, and thereupon the application of the doctrine of relation was eliminated, and, further, certain acreages of claimant Kimball, whose priorities had been determined by the state engineer, were also eliminated. The claimant then moved, before Judge Lockhart, for a new trial. Such new trial was granted, but the scope thereof was limited to the application of the doctrine of relation. As there are no exceptions or issues on the subject referred to, there is no subject matter for the new trial so granted and limited.

As to the petition for rehearing filed on behalf of A. G. McBride, it appears that this claimant, by leave of court, filed an amended exception to the order of determination, by which exception the claimant asserted

a right to earlier priorities than those found by the state engineer. Upon the hearing, Judge Bartlett awarded to the claimant priorities which, on the whole, were earlier than those claimed in his exception. Upon new trial granted by Judge Edwards, the latter relegated the claimant back to the awards made by the state engineer. Timely notice of motion for new trial was given by the claimant, and the motion was granted, the new trial being limited to the application of the doctrine of relation. The issues raised by the amended exception of claimant McBride, however, relate to the priorities to which the claimant's lands are entitled, without regard to the question of applying the doctrine of relation. In other words, the amended exception presents no issue for a new trial limited to the application of that doctrine. The record shows that the exception of claimant McBride purports to be an amendment of an exception previously filed by Webster Patterson in his own behalf and on behalf of other unnamed persons similarly situated. While we doubt that the exception of Patterson gave to such unnamed persons the status of exceptors, or that there was anything upon which the amendment of McBride could be based, we do not deem it necessary to pass upon that question at this time. The same is true as to the absence of objections to the proposed findings signed by Judge Edwards.

As to the petition for rehearing filed on behalf of claimant S. N. Bond, it appears that this claimant seeks to have added to the final decree of the lower court a notation that the judgment in suit No. 1899, Union Canal Ditch Company et al. v. Pacific Reclamation Company et al., is binding between the parties. This notation does not appear in the order of determination of the state engineer, and no exception was filed by claimant Bond or his predecessors asking that the notation be made. The claimant made a timely motion for new trial for the purpose of having the notation added to the decree. The motion was granted, but limited to matters relating to the application of the doctrine of

relation. A new trial is a reexamination of an issue of fact. Upon this state of the record, there is no issue presented upon which a new trial could be had.

■ As to the petition for rehearing filed on behalf of H. H. Cazier and John H. Cazier Estate, it is stated in the petition that the predecessor of the petitioners did not file an exception to the order of determination other than upon a question of reclassification of lands, and it is stated in the petitioners' brief that the issue involved in the petition is substantially identical with the issue involved in the petition of Rufus H. Kimball above referred to. As with claimant Kimball, the new trial granted to H. H. Cazier, Jno. H. Cazier, and Jno. S. Cazier Estate, successors to John H. Cazier & Sons Company, was limited to the application of the doctrine of relation. As ruled with respect to claimant Kimball, there is no subject matter for the new trial so granted and limited.

■ For the reasons given, it is hereby ordered that the demurrers to the petition for writ of prohibition, and the motions to quash the alternative writ, are overruled, and that said presiding judge, J. M. Lockhart, or any other district judge who may hereafter preside in said cause, is prohibited, enjoined, and restrained from proceeding with the new trials granted by said presiding district judge in said court and cause by orders dated December 3, 1936, and filed therein on December 5, 1936.

The petitioners are allowed their costs in this proceeding.