G. S. CLACK, Appellant, *v.* C. H. JONES, Respondent.

No. 3394

August 16, 1943.                    140 P. (2d) 580.

*William S. Boyle,* of Reno, for Appellant.

*H. J. Murrish* and *John A. Jurgenson,* both of Love-lock, for Respondent.

## OPINION

By the Court, DUCKER, J.:

In this action proceedings were had in the district

court to require the appellant, judgment debtor, to appear before the judge of the court to answer concerning his property, and to bring with him all books and records of the Cinnabar City Mining Company. In the course of the proceedings appellant having failed to appear as required, a warrant of arrest was issued for him in which it was ordered that he be brought before the judge of the court to show cause why he should not be adjudged guilty of contempt of court. It was further ordered that he be admitted to bail in the sum of $500. Thereafter appellant filed in the proceedings his objection to Judge Thomas J. D. Salter presiding at any contempt proceeding wherein an order of attachment was issued by said judge.

On April 13, 1943, it was ordered as follows:

"This matter coming on regularly to be heard at 11: 30 o'clock A. M. this 13th day of April, the hour to which the same had been regularly continued, upon the Order made and entered herein on February 23, 1943, and the defendant, G. S. Clack, having failed to appear either in person or by attorney, now on motion of attorneys for the plaintiff herein it is ordered that the 'Objection of Defendant to Judge of Court Presiding at Contempt Proceedings Ordered by Same Judge' is overruled and the defendant held to answer forthwith as required by the said Order of this Court dated February 23, 1943, and It Is Further Ordered: That the bonds in the penal sum of $500.00 given for the appearance of the said G. S. Clack and filed in this court is forfeited for the failure of the said G. S. Clack to appear at the time and place heretofore fixed by this Court, and It Is Further Ordered Adjudged and Decreed that judgment be entered herein against National Automobile Insurance Company, a California corporation, for the sum of $500.00, lawful money of the United States which amount is the penalty of said bond and that judgment and execution issue.

"Be It Further Ordered that certified copies of this Order be served upon William S. Boyle, attorney of

record for the said defendant G. S. Clack, and upon the defendant G. S. Clack, if he can be found.

"Thomas J. D. Salter
"District Judge."

"Dated, April 13, 1943."

A motion by appellant to set aside the foregoing order and to permit him to file an answer to appear for trial before another judge was denied on April 27, 1943.

He has appealed from these orders and judgment.

Respondent has moved to dismiss the appeal and to strike a written demurrer to his affidavit in the lower court charging contempt of court, which demurrer is entitled as of this appeal and filed herein with the transcript of appeal.

The motion to strike the demurrer must be granted as it constitutes no part of the record on appeal. The record is made up of papers from the court below as prescribed by statute and may not be supplemented by papers filed to the transcript in this court. Counsel for appellant insists strenuously that as the demurrer went to the sufficiency of facts in the affidavit and to the jurisdiction of the court, it was properly filed, and refers us to sec. 8601 N. C. L. We have long been familiar with that section but have never interpreted it to authorize the filing of a demurrer in a case on appeal. True, the objections mentioned in the section are not deemed waived even though not taken by demurrer or answer, and may be raised in any court at any time in any appropriate way, but the filing of a demurrer in the appellate court, to the complaint in the record on those grounds, is not a proper way. Why? Because there is no statute to authorize such procedure. We are referred to the case of Chamblin v. Chamblin, 55 Nev. 146, 27 P. 2d 1061, as authority for such procedure. No demurrer to the complaint was filed in that case either on appeal or in the court below. But counsel belatedly declared it was an oral demurrer on the hearing of the appeal. My memory does not serve me in that regard, but if counsel raises the objection

on appeal in some appropriate way and chooses to call the mode adopted an oral demurrer, there can be no objection to it. It is objectionable, however, as a rider to the record on appeal.

The demurrer is ordered stricken.

■ Now as to the motion to dismiss the appeal. The orders appealed from are not appealable. They are merely orders in the course of procedure. Their merits might be inquired into in the event an appeal is properly taken. It is not the law in a proceeding of this character that it may be interrupted at any particular time in its progress by an appeal to determine whether the court has committed error in ruling upon some proposition arising during the course of the proceedings. Until an order is made that is determinative of the subject matter of the proceeding, there is nothing to appeal from.

■ As to the judgment ordered entered against the National Automobile Insurance Company, appellant is not a party to such a judgment, nor is he aggrieved thereby. He cannot therefore appeal from that order or judgment. The court being without jurisdiction to entertain the appeal it should be dismissed.

It is so ordered.

### ON MOTION FOR REHEARING

September 20, 1943.                     141 P. (2d) 385.

*William S. Boyle,* of Reno, for Appellant.

*H. J. Murrish* and *John A. Jurgenson,* both of Lovelock, for Respondent.

## OPINION

By the Court, DUCKER, J.:

The motion for a hearing must be denied. It is based upon the alleged insufficiency of the affidavit by which the contempt proceedings were initiated. This question was not determinable on the appeal taken, nor can it be considered on this motion, because the appeal was premature. A paper filed by appellant with the motion also needs attention. It was entitled "Opening Brief in support of Motion for Rehearing." After the filing, this designation was amended by striking out the words "Opening Brief." The paper is an argument in support of the motion for rehearing. This is not permissible by reason of rule XV of the Rules of the Supreme Court which, in that particular reads: "The party moving for a rehearing shall within the time for filing the petition, serve a copy of the petition upon opposing counsel, who, within ten days thereafter, may file and serve a reply to the petition, and no other argument shall be heard thereon." The rule in this respect is mandatory. Rickey v. Douglas M. & P. Co., 45 Nev. 341, 204 P. 504, 205 P. 328.

It is ordered that the motion for a rehearing be and the same is hereby denied, and the paper entitled, "In Support of Motion for Rehearing," is hereby stricken.