OPINION
In the petition for rehearing respondent strenuously insists that this court erred in its determination that the petition for the order of sale from which the appeal was taken is insufficient to sustain the said order.
While the points involved in the appeal have been more elaborately argued, we remain convinced that the appeal was correctly determined.
1. A transcript of the evidence taken before the trial *Page 134 
court has been filed with the clerk of this court, and we are of the opinion that under the appeal as presented we we are not in a position to consider it. Some contention is made that this court has inherent power to order up a record where the same is incomplete, but be that as it may, such a contention has no application in a case of this kind. The appeal is on the judgment roll, and this court has no power to enlarge upon the statutory designation of what shall constitute the judgment roll. And certainly a transcript of the evidence is not a part of the judgment roll.
2, 3. Further, counsel have filed herein what is termed "Supplemental Authorities on Respondent's Petition for Rehearing," and, as was said in the case of Clack v. Jones,62 Nev. 72, 141 P.2d 385: "The paper is an argument in support of the motion for rehearing. This is not permissible by reason of rule XV of the Rules of the Supreme Court which, in that particular reads: `The party moving for a rehearing shall, within the time for filing the petition, serve a copy of the petition upon opposing counsel, who, within ten days thereafter, may file and serve a reply to the petition, and no other argument shall be heard thereon.' The rule in this respect is mandatory."
It is ordered that the petition for rehearing be and the same is hereby denied, and the transcript of the evidence and the paper entitled "Supplemental Authorities on Respondent's Petition for Rehearing" are hereby stricken. *Page 135