G. AND M. PROPERTIES, MICHAEL DERMODY, GORDON R. THOMPSON, AND KATHLEEN THOMPSON, PETITIONERS, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE JOHN W. BARRETT, JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENTS.

No. 10957

May 9, 1979                                          594 P.2d 714

---

*Hill, Cassas, de Lipkau & Erwin,* Reno, and *Johnson, Belaustegui & Robison,* Reno, for Petitioners.

*Edward A. Hollingsworth,* Reno, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

This is an original proceeding wherein petitioners seek by prohibition to restrain respondent court from hearing the late filed water rights exceptions of Stanley E. Bailey and Justin W.

Livingston in the matter of the state water engineer's final determination of the relative rights in and to the waters of Ophir Creek and its tributaries in Washoe County, Nevada.

Following the filing of a petition in the office of the state engineer requesting a determination of the rights of the various claimants to the above mentioned waters, the petition was granted, and the state engineer filed his preliminary order of determination pursuant to NRS 533.090. Although a number of parties filed objections to the preliminary order pursuant to NRS 533.145, neither Bailey nor Livingston did so as to petitioners herein.

The state engineer determined that petitioners were entitled to 85 acre feet of water per year and that respondents were entitled to 1800 acre feet, all incident to a decree establishing 1856 priority rights.

Following hearing on the objections, the state engineer on December 23, 1976, filed his final order of determination pursuant to NRS 533.165 and 533.450, after which he twice in writing notified all interested parties, including claimants Bailey and Livingston, that the hearing on the objections was scheduled in the district court March 31, 1977, and that all notices of exceptions must be filed five days prior thereto, pursuant to NRS 533.170.

Several claimants timely filed notices of exception but the record is devoid of any written notice by Bailey or Livingston challenging the correctness of the state engineer's final determination as to the water rights of the petitioners. Although the record is not clear in some particulars, it is evident that Bailey and Livingston were represented by counsel at the March 31, 1977 hearing, where it appears that petitioners were either not present or unrepresented by counsel. Although the hearing commenced as scheduled, it was by stipulation continued without date. Thereafter the attorney general re-noticed the district court hearing on objections and the hearing was set for July 10, 1978. On October 21, 1977, the State Engineer again notified all interested parties of the new hearing date. On the morning of July 10, 1978, claimants Bailey and Livingston, for the first time in these proceedings, filed with the court clerk exceptions to that part of the final order of determination granting petitioners water rights.

Over petitioners' objections that the court was without jurisdiction to consider the tardy claims, the respondent court asserted its authority to proceed, granting petitioners four days to pursue discovery. On July 11, 1978, petitioners filed the instant petition for prohibition and on motion we stayed the

trial court's order relating to the claims of Bailey and Livingston pending resolution of the propriety of the respondent judge's action in permitting the belated exceptions to be heard.

The threshold question is one of jurisdiction. We are asked to decide whether or not prohibition is the proper remedy with which to test the propriety of the district court's action. Prohibition will issue when there is an act to be arrested which is without or in excess of the jurisdiction of the trial judge and there is not a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.320, NRS 34.330; Ham v. District Court, 93 Nev. 409, 566 P.2d 420 (1977), and cases therein cited. In Culinary Workers v. Court, 66 Nev. 166, 170, 207 P.2d 990, 992 (1949), we stated, "[t]he Writ of Prohibition is unquestionably appropriate as a remedy to hold proceedings in an inferior court which are not within the jurisdiction of such court. [Citations omitted.]"

Furthermore, the fact that an appeal is available from the final judgment does not preclude issuance of the writ, Public Service Comm. v. Court, 61 Nev. 245, 123 P.2d 237 (1942), particularly in circumstances where, as here, the trial court is alleged to have exceeded its jurisdiction and the challenged order is not appealable. NRAP 3A(b); Clack v. Jones, 62 Nev. 72, 140 P.2d 580 (1943).

Petitioners contend that the district court is without jurisdiction to consider the late filed exceptions of Bailey and Livingston, relying on NRS 533.170. Arguing for respondent court, Bailey and Livingston contend they have substantially complied with the law and that it was within the district court's equitable authority to permit the tardy exceptions, citing State Engineer v. American Nat'l Ins. Co., 88 Nev. 424, 498 P.2d 1329 (1972). We are constrained to agree with petitioners. NRS 533.170 in relevant part provides:

> 1. *At least 5 days prior to the date set for hearing, all parties* in interest who are aggrieved or dissatisfied with the order of determination of the state engineer *shall file* with the clerk of the court notice of exceptions to the order of determination of the state engineer. The notice shall state briefly the exceptions taken and the prayer for relief. A copy thereof shall be served upon or transmitted to the state engineer by registered or certified mail.

2. The *order of determination* by the state engineer and the statements or claims of claimant and *exceptions* made to the order of determination *shall constitute the pleadings, and there shall be no other pleadings* in the cause. (Emphasis added.)

We find the language in NRS 533.170 plain and unambiguous (compare State ex rel. PSC v. District Court, 94 Nev. 42, 574 P.2d 272 (1978), and interpret the statutory notice requirements as mandatory, requiring strict compliance. Carpenter v. District Court, 59 Nev. 42, 73 P.2d 1310 (1937); see also Jahn v. District Court, 58 Nev. 204, 73 P.2d 499 (1937); In re Silver Creek, 57 Nev. 232, 61 P.2d 987 (1936). In *Carpenter,* we held that the requirement of filing exceptions to the order of determination is mandatory and jurisdictional. We deem *Carpenter* controlling here. In the instant case, the relevant exceptions were first filed some fifteen months after the required date. While as a general rule our trial courts are afforded reasonable discretion in controlling the conduct of proceedings pending before them, see, Iveson v. District Court, 66 Nev. 145, 206 P.2d 755 (1949), the error complained of here is the trial judge's exercise of jurisdiction where none was legally available. In Application of Filippini, 66 Nev. 17, 27, 202 P.2d 535, 540 (1949), this Court stated: "It is . . . settled in this state that the water law and all proceedings thereunder are special in character and the provisions of such law not only lay down the method of procedure, but strictly limit it to that provided." See also Ruddell v. District Court, 54 Nev. 363, 17 P.2d 693 (1933); and In re Water Rights in Humboldt River, 49 Nev. 357, 246 P. 692 (1926).

Where, as here, a trial court misconceives the meaning of a mandatory statute and as a consequence acts when the law expressly enjoins it from acting, relief through an extraordinary writ is mandated. NRS 533.170; Carpenter v. District Court, *supra*.

Respondents' reliance on *American National* is misplaced. That case involved a substantial user of water who failed to timely file proof of the application of water to beneficial use. The state engineer cancelled the permit to appropriate water pursuant to NRS 533.450. The district court reversed the action of the engineer and we affirmed holding the statute providing that in such circumstances the "permit shall be cancelled" was a legislative directive which did *not* affect the district court's power to grant equitable relief when warranted. See also Donoghue v. T.O.M. Co., 45 Nev. 110, 198 Pac. 553 (1921). In

*American National,* unlike the instant case, the district court had jurisdiction over the subject matter and the parties. Here, the district court was without subject matter jurisdiction to act on the late filed claims. NRS 533.170.

Finally, Bailey and Livingston further argue that NRS 533.180[1] supports the trial court's action since as the district court had the authority to remand the case to the state engineer, it could avoid the harsh consequence of the application of NRS 533.170 and proceed as it did. This contention is without merit, as NRS 533.180 cannot be used to enlarge upon the court's jurisdiction, which jurisdiction has been well defined by our legislature. See *Carpenter, supra.*

The writ will issue to prohibit the district court from assuming jurisdiction and from hearing the untimely exceptions of water rights claimants Bailey and Livingston.

MOWBRAY, C. J., and McKIBBEN, D. J.,[2] concur.

BATJER, J., concurring:

I agree that the district court should be prohibited from considering the untimely written water rights exceptions filed by Stanley E. Bailey and Justin W. Livingston on July 10, 1978. Carpenter v. District Court, 59 Nev. 42, 73 P.2d 1310 (1937). This opinion should not be construed as prohibiting the district judge from taking testimony pursuant to NRS 533.170(3).[1] The latitude of that subsection is not now before us. Carpenter v. District Court, *supra* (on rehearing).[2]

GUNDERSON, J., dissenting:

I respectfully dissent from the majority's holding that the district court exceeded its jurisdiction to hear respondent's exceptions on the technical ground that they were tardily filed.

---

[1]NRS 533.180 provides:

> The court may, if necessary, refer the case or any part thereof for such further evidence to be taken by the state engineer as it may direct, and may require a further determination by him, subject to the court's instructions.

[2]The Governor designated Howard D. McKibben, Judge of the Ninth Judicial District Court, to sit in the place of the HONORABLE GORDON THOMPSON, JUSTICE, who was disqualified. Nev. Const. art. 6, § 4.

[1]NRS 533.170(3) provides:

"If no exceptions shall have been filed with the clerk of the court as provided in subsection 1, then on the day set for hearing the court may take further testimony if deemed proper, and shall then enter its findings of fact and judgment and decree."

[2]On rehearing this Court in *Carpenter* seems to have made an attempt to limit the latitude of (sec. 7922 N.C.L.), now NRS 533.170(3).

Petitioner G. & M. Properties had not filed a claim or proof of claim in the original proceedings, and apparently the exact situs of petitioner's land was not known to either the State Engineer or respondents at the time the preliminary determination was made. From the record, it appears this uncertainty resulted in petitioners being awarded a priority to which they were not entitled. Respondents Bailey and Livingston did file timely objections to the preliminary order which, although not directed particularly to petitioners, asserted that no one claiming interest in certain property was entitled to an 1856 or earlier priority.

Bailey and Livingston requested their then attorney to protest all conflicting priorities. However, he did not do so, and withdrew from the case because of conflict of interest. Upon reviewing the record and observing that the State Engineer had erroneously allowed petitioner, G. & M. Properties, a 1856 priority, respondents and their substituted attorney held a conference on June 26, 1978, with personnel of the State Engineer's office, and attempted to have the State Engineer correct his error. At that time the State Engineer pointed out no exception to the final order of determination had been filed. The State Engineer declined the request to change his determination at that stage of the proceedings, but agreed that he would not oppose respondents' appearance at time of trial for the purpose of presenting their argument to the court.

On June 28, 1978, written notice of objections to the final determination was served on the State Engineer. Respondent's attorney also served a copy on the attorney who he was informed represented G. & M. Properties. The principals of G. & M. Properties were also given notice of respondents' intent to protest said priority by letter and petitioners, Gordon R. Thompson and Kathleen M. Thompson, were notified by a Deputy Attorney General of said respondents' intent to protest said priority.

NRS 533.240.1 provides:

> In any suit brought in the district court for the determination of a right or rights to the use of water of any stream, all persons who claim the right to use the waters of such stream and the stream system of which it is a part shall be made parties.

NRS 533.165 provides for the filing of the State Engineer's order of determination with the clerk of the district court. NRS 533.160.1 declares that when filed, the order of determination "shall have the effect of a complaint in a civil action." NRS 533.170.1 provides for the filing of exceptions to the order of

determination with the clerk of the court and NRS 533.170.2 states that:

> The order of determination by the state engineer and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings, and there shall be no other pleadings in the cause.

In addition to having authority to hear and resolve exceptions as provided by NRS 533.170.4, the court may take testimony at the time set for trial even in absence of exceptions, NRS 533.170.3, employ experts to investigate and report on controversies, NRS 533.175, and may refer the case or any part thereof to the State Engineer for further evidence or determination. NRS 533.180.

The Legislature, by enacting NRS 533.170.2, obviously intended that no rights would be overlooked in the adjudication process, and that the district court in effecting a final decree would have available to it all the claims and statements of all claimants, including those who did not file exceptions. It would appear from NRS 533.170.3, NRS 533.170.4 and NRS 533.175 that in affirming or modifying the order of the State Engineer, the district court has the power to entertain any matter previously considered by the State Engineer, as well as the evidence introduced by reason of exceptions to the final order of determination.

If the district court has jurisdiction to evaluate the parties' rights *de novo,* I see no reason it should lack the power to allow an exception to be filed late in order to bring the matter before the court, particularly where, as here, the hearing had not yet been conducted and adequate time for discovery was allowed. In such a situation, I can perceive no prejudice or irreparable harm to be suffered by the opposing party.

The majority rely on Carpenter v. District Court, 59 Nev. 42, 73 P.2d 1310 (1937). However, in that case, we prohibited the district court from conducting new trials on an issue not previously raised in any manner by the parties filing exceptions. We noted that a new trial is a re-examination of an issue of fact and the issue to which the ordered new trials were limited had never been examined. In the case at bar, the court did not act beyond the pleadings. The priority issue had been raised before the State Engineer. The court merely extended the time within which respondents were allowed to satisfy the technical requirement of filing exceptions with the court. It should be noted that at the same time, the court did not allow respondents to file exceptions raising new issues.

Respondents were party to the proceeding and petitioners concede that, pursuant to NRS 553.240.1, the court had jurisdiction over the parties and subject matter involved. In my view, the equities of this case are analagous to those in State Engineer v. American Nat'l Ins. Co., 88 Nev. 424, 498 P.2d 1329 (1972), and that case should control. I would deny the requested relief.