An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

PALOMINO DEVELOPMENT, LLC,
Appellant,
vs.
JASON KING, P.E., NEVADA STATE
ENGINEER AND THE NEVADA
DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,
Respondents.

No. 61002

FILED

JUN 25 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a petition for judicial review in a water law matter. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

In 1997, the State Engineer declared the supplemental underground water right under Permit No. 13630 to be forfeited based on the then-permit holder's five-year failure to put the water to beneficial use.[1] Appellant Palomino Development, LLC, subsequently purchased Permit 13630 with knowledge of its forfeited state, along with the existing surface water rights that Permit 13630 had previously supplemented. In 2011, Palomino wrote a letter to respondent Jason King, the State Engineer, informing him of its belief that Permit 13630 was forfeited in error. The State Engineer responded that Palomino's challenge was untimely, citing the 1997 ruling as the final determination. Palomino

---

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 18611

then appealed this letter to the district court. The district court dismissed Palomino's appeal, concluding that it lacked jurisdiction to review the State Engineer's 1997 decision.

Palomino now brings this appeal, arguing that the State Engineer did not have authority to forfeit a supplemental underground water right and that it is entitled to equitable relief. Because this district court lacked jurisdiction to review the State Engineer's 1997 decision, we conclude that it properly dismissed Palomino's challenge.

Under Nevada law, forfeiture occurs following a permit holder's failure for five successive years "to use beneficially all or any part of the underground water for the purpose for which the right is acquired." NRS 534.090(1). A State Engineer's forfeiture ruling becomes final 30 days after it is issued and not appealed. *Id.*; NRS 533.450; *see also Preferred Equities Corp. v. State Engineer*, 119 Nev. 384, 387, 75 P.3d 380, 382 (2003) (holding that "under NRS 534.090(1), [appellant's] water rights reverted to the public once the State Engineer determined them forfeited . . . , and the forfeiture became final upon [appellant's] failure to appeal that ruling within thirty days"). Although we have considered letters from the State Engineer as final appealable decisions in the past, we have done so only where the letter "affects a person's interests that relate to the administration of determined rights." *Howell v. State Engineer*, 124 Nev. 1222, 1228, 197 P.3d 1044, 1048 (2008).

The record shows that Permit 13630 was forfeited by operation of law on April 2, 1997. This is the determinative ruling affecting Palomino's subsequently acquired water right, and the decision was not appealed. Therefore, because the propriety of the State Engineer's 1997 determination was not challenged within NRS

 

534.090(1)'s statutory timeframe, we conclude that this appeal is untimely and outside the jurisdiction of the district court. *See G. & M. Props. v. Second Judicial Dist. Court*, 95 Nev. 301, 304, 594 P.2d 714, 716 (1979) (strictly construing NRS 533.170's five-day filing timeline and concluding that the district court was without jurisdiction to consider late-filed water rights exceptions).[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We also reject Palomino's argument that because the State Engineer's notice of Permit 13630's forfeiture was not provided to the original permit holder, the forfeiture should be invalidated regardless of the district court's jurisdiction. NRS 533.384(1)(a) expressly mandates that the conveyee of a water right must file a Report of Conveyance with the State Engineer. The State Engineer shall not recognize the conveyance of any water right until such a report is confirmed. NRS 533.386(5). Because it is undisputed that the original permit holder failed to file a Report of Conveyance, he was not entitled to notification of the impending forfeiture.

cc:    Hon. Janet J. Berry, District Judge
William E. Nork, Settlement Judge
Parsons Behle & Latimer/Reno
Attorney General/Carson City
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A